## FIRST NAT. BANK OF POTEAU v. SCHOOL DIST. No. 49 OF HUGHES COUNTY.

No. 7069—Opinion Filed Sept. 26, 1916.

(160 Pac. 88.)

1. **Appeal and Error—Review—Scope and Extent—Jurisdiction of Trial Court.**

The jurisdiction of the court from which an appeal comes to this court is a fundamental question in every case, and if such court had no jurisdiction, the parties cannot waive its want of jurisdiction, and this court should not overlook the want of jurisdiction of the trial court, even though the parties have not seen fit to challenge the jurisdiction of the trial court in some proper manner.

2. **Courts—Jurisdiction—County Court.**

Under section 12 of art. 7 of the Constitution and sec. 1816, Rev. Laws 1910, the county courts have no jurisdiction in civil cases where the amount involved is $200 or less.

(Syllabus by Campbell, C.)

Error from County Court, Hughes County; J. Ross Bailey, Judge.

Action by the First National Bank of Poteau against School District No. 49 of Hughes County. Judgment for defendant, and plaintiff brings error. Reversed and dismissed.

J. L. Skinner, for plaintiff in error.

P. W. Gardner, for defendant in error.

Opinion by CAMPBELL, C. This action was commenced in the county court of Hughes county by the plaintiff against the defendant for the recovery of $150, and interest, alleged to be due it under the terms of 12 coupon notes in the sum of $12.50 each. The plaintiff did not separately state a cause of action upon each coupon note, but pleaded the entire 12 notes as one cause of action, and prayed for judgment in the aggregate sum of $150, interest and costs. The defendant filed a demurrer to the second amended petition upon the ground that the amended petition did not allege facts sufficient to constitute a cause of action, and this ground of demurrer was the

only one presented to the trial court. The trial court sustained the demurrer and dismissed the cause at the costs of the plaintiff, and this appeal is brought to this court on a transcript of the record.

The only question discussed by counsel is whether or not the amended petition states a cause of action. The trial court held it did not, but we cannot agree with him in the conclusion which he reached. We have carefully examined the petition, and conclude that it is good as against the demurrer upon the ground presented, and that the amended petition stated a cause of action. But we cannot overlook another question involved in every appeal to this court, which is not discussed by counsel. Was the cause of action stated within the jurisdiction of the county court?

It was held in Keenan v. Chastain et al., 157 Pac. 326 [opinion superseded by 64 Okla. —, 164 Pac. 1145], as follows:

"The question of jurisdiction is primary and fundamental in every case, and cannot be waived by the parties or overlooked by the court. It is the bounden duty of the court to examine into its jurisdiction, whether raised by any party or not, and sua sponte to determine its own jurisdiction."

In the opinion of the court in the above case the general rule is stated and approved, and it is declared to be:

"The fundamental question of jurisdiction, first, of this court, and then of the court from which the record comes, presents itself on every writ of error or appeal, and must be answered by the court whether propounded by counsel or not"—citing many cases.

Under this rule it becomes the duty of this court to determine on its own motion whether the county court of Hughes county had jurisdiction of the cause of action stated in the petition. The rules of procedure would have required plaintiff to have stated separately the 12 different causes of action, and if such had been done, each cause of action would only involve $12.50, exclusive of interest; but it saw fit to state one cause of action upon the twelve different notes, and seeks a judgment in the aggregate sum of the entire twelve notes. In the aggregate the sum involved was $150, exclusive of interest, under the plaintiff's idea of pleading.

In the recent case of Musser v. Baker, Judge, 53 Okla. 782, 158 Pac. 442, it was held:

"Constitution, art. 7, sec. 12, and Rev. Laws 1910, sec. 1816, construed together, and held to vest the county court with no jurisdiction of civil cases involving $200 or less."

Under the construction of the Constitution and the provision of the statute, it would ap-

pear that the County court of Hughes county did not have jurisdiction of the cause of action stated in the second amended petition, and such cause should have been dismissed for want of jurisdiction. Not only was the judgment rendered by the trial court erroneous, but it was without jurisdiction to render any judgment except one of dismissal for want of jurisdiction.

The judgment of the trial court is reversed, and the cause remanded to the county court of Hughes county, with directions to dismiss the action for want of jurisdiction.

By the Court: It is so ordered.