## STATE NAT. BANK OF SHAWNEE v. WOOD & CO.

No. 10544—Opinion Filed April 4, 1922.

Rehearing Denied Sept. 26, 1922.

Second Rehearing Denied March 13, 1923.

(Syllabus.)

1. **Appeal and Error—Questions Reviewable —Jurisdiction of Trial Court—Time to Object.**

The jurisdiction of the court from which an appeal comes to this court is a fundamental question in every case, and if such court had no jurisdiction, the parties cannot waive its want of jurisdiction, and the want of jurisdiction may be raised for the first time in this court on appeal.

2. **Garnishment— Jurisdiction— Necessity for Service of Summons on Defendant.**

Section 4824, Rev. Laws of 1910, is mandatory in requiring the summons of garnishment to be served upon the defendant, or his attorney or record, as well as upon the garnishee; and where the plaintiff seeks by garnishment proceedings to reach debts owing to a nonresident defendant, the court could not acquire jurisdiction so as to subject such indebtedness to the claim of the plaintiff without a strict compliance with the statutory privisions. And failure to serve the summons of garnishment upon the nonresident defendant would be fatal to the jurisdiction of the court.

3. **Same—Service on Nonresident Defendant.**

The rendering of judgment against a garnishee is dependent upon the court having obtained judisdiction over the garnishee, and the fund in his possession, both for the

purpose of condemning and for rendering judgment in rem to that amount against a nonresident defendant. Where the nonresidefend defendant has not been served with the summons of garnishment, and has not appeared before the court, or otherwise submitted to the jurisdiction of the court. the court is without authority to render a judgment in rem until it has obtained jurisdiction of the garnishee and the fund in his possession.

Error from Superior Court, Pottawatomie County; Leander G. Pitman, Judge.

Action by Wood & Company against J. G. Peppard Seed Company for damages; State National Bank of Shawnee, garnishee. Judgment for plaintiff, and garnishee brings error. Reversed.

Chas. E. Wells and McCune, Caldwell & Downing, for plaintiff in error.

Kittle C. Sturdevant and Lydick & Arrington, for defendant in error.

PITCHFORD, V. C. J. This action was brought by Wood & Company, of Shawnee, Okla., by filing a petition in the superior court of Pottawatomie county against J. G. Peppard Seed Company, a foreign corporation, with its place of business in Kansas City, Mo., claiming damages for alleged breach of contract.

The facts in the case, briefly stated. are as follows: The plaintiff purchased from the defendant a certain carload of cane seed. The defendant received from the railroad company a bill of lading, and drew a draft, with lading attached, on the plaintiff payable to the New England National Bank, of Kansas City, Mo., for the price of the seed. This draft, with other items, was deposited by the defendant with the New England National Bank and received by the latter as cash items, with the right of the defendant to check on the deposit made. It seems that there was arrangement whereby the bank was to charge the defendant six per cent. interest from the time the draft was received until it was paid. The New England National Bank then forwarded the draft, with the bill of lading attached, to the State National Bank of Shawnee, Okla., After the same was received by the Shawnee bank, Wood & Company were notified, the draft was paid, and bill of lading delivered to Wood & Company.

Upon inspection, the seed was found to be defective, the defect being discovered after a portion of the seed had been sold to the customers of plaintiff. Thereupon the plaintiff filed action against the defendant for damages alleged to have been sustained by reason of the inferior quality of the

seed, and attached the seed remaining unsold. Summons in due form was issued commanding the sheriff of Pottawatomie county to notify the defendant that it had been sued by Wood & Company. The sheriff returned this summons stating that "The defendant not found in my county."

On the same day of the filing of the petition, plaintiff filed an affidavit showing that the defendant was a nonresident of the state of Oklahoma; and, further, that the State National Bank of Shawnee was indebted to the defendant. A summons in garnishment was thereupon issued, which was returned by the sheriff showing that he had served the State National Bank of Shawnee with the summons; and, further, that "Said defendant is not found within my county."

The seed remaining on hand was sold under attachment and bid in by plaintiff; the amount realized was credited on the damages claimed. Thereafter an answer was filed by the garnishee, denying any indebtedness to the defendant, or that it had in its possession or under its control, property or effects of the defendant.

The plaintiff filed its motion taking issue on the answer so filed by the garnishee. The plaintiff contended that the draft was taken by the New England National Bank for collection, and that the proceeds of the draft belonged to Peppard Seed Company; while the garnishee contended that the draft was received by the New England National Bank as a cash item, with the privilege of the defendant to check out on the deposit so made; that the title, therefore, passed to the New England National Bank.

Upon the conclusion of the evidence, judgment was rendered in favor of the plaintiff and against the garnishee for the sum of $4,597.88, from which judgment the garnishee appeals. The assignments of error may be summarized under two propositions: First, that the trial court was without jurisdiction; and, second, that the judgment of the trial court is without evidence to support it.

The jurisdictional question was not raised in the trial court, and was raised for the first time on appeal. Plaintiff insists that this objection cannot now be raised for the first time. In this we cannot concur. The rule is well settled that an objection that the trial court had no jurisdiction over the subject-matter may be raised at any state of the proceedings. It is not waived by a fail-

ure to raise the question in the trial, but may be raised for the first time in the appellate court. Otherwise, consent of parties could give jurisdiction.

The statute provides that a void judgment may be vacated at any time on motion of the party, or any person affected thereby. State National Bank v. Lowenstein, 5: Okla. 259, 155 Pac. 1127; Cummings v. F H. McDermid, 4 Okla. 272, 44 Pac. 276.

In Clark v. Farmers' State Bank, 48 Okla 592, 149 Pac. 1189, it is said:

"There is no rule of this court better settled than that errors not raised in the trial court will not be considered on appeal, when they do not go to the jurisdiction of the court."

In Keenan v. Chastain et al., 64 Okla. 16, 164 Pac. 1145, it is held that the question of jurisdiction is primary and fundamental in every case, and cannot be waived by the parties or overlooked by the court. We quote the following:

"The fundamental question of jurisdiction, first, of this court, and then of the court from which the record comes, presents itself on every writ of error or appeal, and must be answered by the court, whether propounded by counsel or not."

In First National Bank of Poteau v. School District No. 49 of Hughes County, 61 Okla. 45, 160 Pac. 68, it is said:

"The jurisdiction of the court from which an appeal comes to this court is a fundamental question in every case, and if such court had no jurisdiction, the parties cannot waive its want of jurisdiction, and this court should not overlook the want of jurisdiction of the trial court, even though the parties have not seen fit to challenge the jurisdiction of the trial court in some proper manner."

Defendant in error concedes that this is not an action against the nonresident defendant, but is against certain property within the state of Oklahoma, claimed by plaintiff to be the property of defendant; that it is an action in rem and the judgment operates only to the extent of the value of the property actually found, and not against the defendant or any other property of defendant not subject to this particular action; that the defendant is really the property itself, and not the nonresident. Assuming that the defendant in error is correct in this concession, it follows that in that event the "property itself" would be just as much entitled to have its day in court as would any other defendant; and, in order to bring the property within the

jurisdiction of the court, it is just as necessary that the statutory requirements be followed as if an individual were being sued. Attachments and garnishments are purely statutory proceedings, and must be strictly followed, and failure to do so renders a resultant judgment void.

In Rood on Garnishment, R-108, Definition and Essentials, p. 283, it is said:

"Jurisdiction is the authority to hear and determine the cause, and refers to the power of the court over the parties, the res or property in contest, and the authority of the court to entertain the suit or proceeding and render the judgment or decree which it assumes to make. In garnishment proceedings, all the statutory prerequisites to commencement of suit are jurisdictional, and must be strictly complied with. Every direction of the statute before jurisdiction acquired must be followed, every requirement performed, and for every step taken, up to this time, at least, authority must be found in the statute under which the proceedings are conducted, or the whole matter will be coram non judice, and void. The proceeding is ancillary to the principal suit, and purely statutory and special, and there is no authority for any action, or prohibition of action, except what is found in the statute."

In the instant case there was no effort to serve the summons in garnishment on the defendant. When the petition was filed by the plaintiff seeking judgment against the defendant, the summons returned by the sheriff showed that the defendant could not be found in the county. Thereafter a summons was issued directed to the sheriff of Jackson county, Mo., commanding him to notify the defendant that it had been sued in Pottawatomie county by the plaintiff. This was served by the sheriff of Jackson county, but nothing in the summons indicating or showing that the plaintiff was seeking by garnishment proceedings against the State National Bank to attach, in any manner, the sum paid into the bank by the plaintiff on the draft.

Under section 4823, Rev. Laws of 1910, it is provided that either at the time of the issueing of the summons in an action, or at any time thereafter, before final judgment, in any action to recover damages upon contract, express or implied, the plaintiff or some person in his behalf may file with the clerk an affidavit stating the amount of the plaintiff's claim against the defendant, and stating that he verily believes that some person, naming him, is indebted to or has property, real or personal, in his possession or under his control belonging to the defendant.

Section 4824, Id., provides that upon the filing of such an affidavit a garnishee summons shall be issued by the clerk and served upon the defendant or his attorney of record, and each of the garnishees, in the manner provided for service of summons, and shall return with proof of service in five days. In order for the court to get jurisdiction of the property, the statute is mandatory in requiring that the defendant shall be served with the summons.

The case of State National Bank v. Lowenstein, supra, is in many respects, similar to the case at bar. We quote from the opinion, as follows:

"It will be seen that the law-making power not only provided that the summons should be served upon defendant or his attorney, but went so far as to adopt a form, and required that the summons shall be substantially of that form, and in the form so provided is further, if not positive, proof of the fact that it was intended that the summons in garnishment should be served on the principal defendant, wherein it states: 'Of which the said defendant will also take notice.' It is plain from the language of the statute that this provision for service of a garnishment summons is mandatory, and without full compliance therewith the court would have no jurisdiction of the case."

It is insisted by the defendant in error that a proceeding against a garnishee is personal, and that where the defendant is a nonresident, the action as to such defendant is in rem; that the court acquires jurisdiction of the res, where the defendant is nonresident, if it has jurisdiction of the person of the garnishee, and that, if the court did not acquire jurisdiction of the res, by reason of the failure to serve garnishee summons upon the nonresident, the garnishee, by submitting to the jurisdiction of the court on the merits of the garnishment proceedings, waived its right to question the jurisdiction of the court over it or the subject-matter of the action, and is estopped to deny the power of the court over the res; and that whatever may be the rights of the defendant on account of defective service, the garnishee is, on account of its own act, bound by the judgment of the court.

It is said in the Phoenix Bridge Company v. J. G. Street, 9 Okla. 422, 60 Pac. 221, that an appearance by the garnishee waives al irregularities and defects in the summons or service, but that reference concerns informalities or irregularities which are not in themselves jurisdictional. This is clearly shown by the following quotation from the opinion in the same case, wherein it is said:

"Again in section 646, the same author states the rule thus: 'As hereinbefore stated, the appearance and answer of the garnishee cannot give the court jurisdiction, because jurisdiction must be obtained by the service prescribed by the statute, but where jurisdiction has been acquired over the subject-matter of the garnishment by a substantial compliance with the requirements of the statute, then an appearance and answer by the garnishee will waive any informalities or irregularities in the proceedings which are not in themselves jurisdictional.' "

While the garnishee summons in the instant case was regular and in due form, yet in order for the court to acquire jurisdiction over the property of the nonresident, it was imperative that the summons be served on the defendant. The question is not the jurisdiction of the court over the person of the garnishee, but rather jurisdiction over the garnishee in connection with the property or effects sought to be garnished.

The principle announced in the case of State National Bank v. Lowenstein et al., supra, is that, in order to obtain jurisdiction over the garnishee, the summons must be served on the defendant. In that case judgment was rendered against the garnishee for failure to answer. Thereafter the garnishee filed an application to set aside the judgment against it on numerous grounds, but failed to allege lack of jurisdiction for failure to serve the principal defendant with the garnishment summons. The motion to vacate the judgment against the garnishee was overruled. Among the assignments of error in this court was assignment 3, which is as follows:

"The judgment against the garnishee is void because of failure to serve the garnishee summons on the defendant."

It was there held that failure to obtain service upon the principal defendants rendered the court without jurisdiction of the garnishment proceedings; that without jurisdiction of the principal defendant the court could not obtain jurisdiction of his funds or property, if any, in the hands of the garnishee; that the owner of the property sought to be subjected to the payment of his debts was entitled to his day in court. In that case the jurisdiction of the lower court was not raised, and appears to have been raised for the first time on appeal. In passing upon the objection that the garnishee was estopped from raising the question, the court said:

"The form of the motion and the time and manner in which it was presented are immaterial. The statute provides that: 'A

void judgment may be vacated at any time, on motion of the party or any person affected thereby.' "

Section 4824, Rev. Laws of 1910, should be read in connection with chapter 126, Session Laws 1910-11, pp. 279 and 280, wherein it is provided:

"Where the defendant in any suit in this state is a foreign corporation, or a nonresident of this state, and if a corporation, it has not a resident agent within the state upon whom service of summons can be had, and an affidavit is made, such as is provided for in preceding section 178, setting forth, in addition thereto, that such defendant is a foreign corporation and has no resident agent within the state upon whom service of summons may be had, or where the defendant is not foreign corporation, but is a nonresident of this state, then the garnishee writ shall be issued and served upon the person, firm or corporation designated to be garnished, and the summons required by section 179 to be served on the defendant, may be served as such nonresident defendants are required to be served in attachment proceeding; and judgment may be entered against the garnishee and collected in the same manner, after such summons, as in other attachment and garnishee proceedings."

Prior to this amendment there was uncertainty as to the method by which service could be had upon a nonresident debtor where it was sought to attach by garnishment proceedings an indebtedness in the hands of a resident of the state. The foregoing amendment provides that the nonresident defendant may be served with the summons of garnishment as provided in attachment proceedings.

The case of Ballew v. Young et al., 24 Okla. 182, 103 Pac. 623, sheds much light on the manner of service. There Ballew commenced action in district court against Young for the recovery of $200. On the same day the petition was filed, plaintiff filed an affidavit for attachment alleging the nonresidence of the defendant, and that the defendant was disposing of his property with the intent to defraud his creditors. An order of attachment was issued which was placed in the hands of the sheriff. The sheriff levied on certain lots, and due return was made thereof. At the time the petition was filed, a summons was issued directed to the sheriff of the county, who made a return showing that the defendant could not be found in the county. At the time of filing his petition, plaintiff also filed his affidavit to obtain service by publication, and on that day an order of publication was issued by the clerk and duly published. Defendant failed to appear, and judgment was taken against him by default. The affidavit to obtain service by publication stated the names of parties to the action; that the plaintiff had filed his petition in the district court of Custer county, Okla., against the defendant for the recovery of the sum of $200, due him from the defendant as a commission for the sale of real estate described in his petition; that the defendant was a nonresident of the state of Oklahoma. We quote from the body of the opinion, as follows:

"The notice of publication does not describe the property attached, nor state the nature of the judgment that plaintiff will take against the defendants. Section 4278, Wilson's Rev. & Ann. St. 1903, provides what the publication notice shall contain. It shall state the court in which the petition is filed, the names of the parties, and must notify the defendants thus to be served, that he or they have been sued, and must answer the petition filed by the plaintiff on or before a time to be stated, which shall not be less than 41 days from the date of the first publication, or the petition will be taken as true, and judgment, the nature of which shall be stated, will be rendered accordingly. Where land has been attached under order of attachment against a nonresident defendant, the publication notice should contain a description of the land, and failing to do so renders it defective. Cohen v. Trowbridge, 6 Kan. 385; Cackley v. Smith, 38 Kan. 450, 17 Pac. 156. And where publication notice fails to contain a description of the real estate attached, and omits entirely to state the nature of the judgment which is sought, as required by section 4278, Wilson's Rev. & Ann. St. 1903, it is not voidable only, but void."

In the instant case the notice served on the defendant by the sheriff of Jackson county, Mo., simply commanded him to notify the defendant that it had been sued by Wood & Company, in the superior court of Pottawatomie county, Okla., and that it must answer the petition of the plaintiff on or before the date therein named, or said petition would be taken as true, and judgment rendered accordingly. A copy of the petition was served with this notice; the notice so issued had the following indorsement:

"Suit brought for recovery of money on breach of contract. If the defendant fail to answer, judgment will be taken for the sum of $4,597.88, with interest at the rate of six per cent. per annum from the 30th day of March, 1918, and an attorney fee of —— and cost of suit."

There was nothing in the petition or notice which in the least informed the defendant of the nature of the action, further than

plaintiff was seeking judgment for damages. We are of the opinion that the trial court failed to obtain jurisdiction over the garnishee. It therefore follows that the judgment rendered against the appellant herein was void for want of jurisdiction in the trial court to render such judgment. We deem it unnecessary to consider the second assignment of error, to wit: That the judgment of the trial court is against the weight of evidence.

We conclude that the judgment of the trial court should be reversed, and remanded for further proceedings not inconsistent with the views herein expressed, and it is so ordered.

HARRISON, C. J., and McNEILL, ELTING, and NICHOLSON, JJ., concur.