### BARNES v. AGGAS et al.

No. 15913—Opinion Filed May 19, 1925.

Rehearing Denied Jan. 19, 1926.

**Mechanics' Liens—Lien Statement—Verification—Amendment.**

Under the mechanics' lien laws of Oklahoma an unverified mechanic's or materialman's lien statement may be amended by adding thereto a verification, and such amendment may be made after the expiration of the statutory period allowed for the filing of said lien statement. Key v. Hill, 93 Okla. 64, 219 Pac. 308, followed.

(Syllabus by Lyons. C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okmulgee County; James Hepburn, Judge.

Action between John Aggas and another, partners, and Frank Barnes. From the judgment, the latter brings error. Affirmed.

G. H. Horner and C. H. Johns, for plaintiff in error.

H. S. Samples, for defendants in error.

Opinion by LYONS, C. The sole question presented by this appeal is: "May an unverified mechanic's or materialman's lien statement, filed within the statutory period, be verified after the expiration of the statutory time limit, so as to impart validity thereto?" The trial court answered the question in the affirmative and gave judgment in favor of the validity of the mechanic's lien.

The question has been decided in the negative by the courts of Kansas, Alabama, and other states. However, the decisions of our court resolve the contention squarely in favor of the affirmative. See the following authorities: El Reno Light & Tel. Co. v. Jennison, 5 Okla. 759, 50 Pac. 144; Ketcham v. Cunliff 77 Okla. 287, 187 Pac. 1095; Key v. Hill, 93 Okla. 64, 219 Pac. 308.

In the case of Key v. Hill, supra, paragraph 5 of the syllabus is as follows:

"Where a laborer, mechanic, or materialman files his lien claim within four months after the completion of the labor or other service rendered, or the last of such materials furnished, in the office of the court clerk in the county where the property sought to be charged is located, and such lien claim gives the name of the owner of the property, the name of the claimant and describes the property to be charged with the lien, and fixes the amount of the claims, and gives the date the last services were performed or material furnished, and where the claimant has signed the lien claim and the verification thereto, it is not fatally defective and a nullity, even though no itemized statement is attached thereto, and the officer before whom the claim is verified fails to sign the jurat at the end of the claim, or even though the claim is not in fact verified; and upon the trial of the case brought to foreclose such lien the trial court should permit the lien claim statement to be amended under section 7478, Comp. Stats. 1921, in furtherance of justice, by attaching thereto the itemized statement and by permitting the lien claimant to verify the claim."

The opinion contains the following language:

"The plaintiff had four months from the last services rendered to file his lien claim, and within the four months plaintiff attempted so to file it. The instrument contained a description of the property, the name of the owner, the name of the claimant, the amount claimed to be due, the kind of service rendered, and the date when the services were completed, showing that such completion was within four months of the filing of the claim in the office of the court clerk of Okmulgee county. The claim was signed by the plaintiff and the affidavit or verification attached thereto was signed by the claimant, but it does not appear from the certificate whether the same was sworn to. It may not have been sworn to, or it may have been that the officer before whom the verification was made failed to sign the jurat. When plaintiff offered this lien claim in evidence, it was objected to and excluded by the trial court for the reason that it had not been verified. The learned trial judge was in error in refusing to admit the lien statement. It should have been amended or treated as amended under

section 7478, Comp. Stats. 1921, in furtherance of justice."

It is plain, therefore, that the foregoing authority disposes of this case.

The judgment of the trial court is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. p. 207.