## McGILL et ux. v. COOPER SUPPLY CO.

No. 31116. Jan. 8, 1946.

*165 P. 2d 829.*

Bailey E. Bell and A. C. Elliott, both of Tulsa, for plaintiffs in error.

Hunt & Eagleton, of Tulsa, for defendant in error.

OSBORN, J. This action was commenced in the court of common pleas of Tulsa county by Cooper Supply Company, a corporation, as plaintiff, against Orlie K. McGill and Wilma G. McGill, husband and wife, and H. E. Taggert & Sons, a copartnership, as defendants, wherein it was sought to foreclose a materialman's lien upon the property owned by defendants, Orlie K. McGill and Wilma G. McGill. The parties will be referred to as they appeared in the trial court.

The plaintiff alleges in its petition, in substance, that pursuant to a contract it sold a heating unit to H. E. Taggert & Sons, a copartnership, to be, and the same was, installed upon the premises owned by Orlie K. McGill and Wilma G. McGill; that H. E. Taggert & Sons is a copartnership composed of H. E. Taggert, Howard E. Taggert, Jr., and Ronald S. Taggert; that H. E. Taggert & Sons have failed, neglected, and refused to pay for said furnace in the sum of $217.93 with interest; that plaintiff has filed, within due time, a materialman's lien with the court clerk of Tulsa county, and that notice of the filing of such lien was duly and regularly served upon the defendants; that due and proper return of the account was made under the Intangible Tax Law, and all taxes due thereon have been paid. The plaintiff prays for judgment against H. E. Taggert & Sons for $217.93 with interest and attorney fees

and a foreclosure of the lien to satisfy said indebtedness.

A summons was issued to Orlie K. McGill, Wilma G. McGill, and H. E. Taggert & Sons, a copartnership, and the same was served on the McGills, but was not served on H. E. Taggert & Sons, because they were not found in the county.

The defendants, McGills, filed an original and amended answer and cross-petition which, in substance, denied the allegations of the petition that any lien adequate under the law was ever filed or that proper notice thereof was ever given or served on the answering defendants; that they or either of them are not indebted to plaintiff and that if plaintiff or H. E. Taggert & Sons ever had an account or claim against them, it has been fully paid and discharged, and in the cross-petition they ask that said lien be canceled as a cloud on their title.

The evidence adduced at the trial discloses, in substance, these facts: The defendants, McGills, owned and occupied as a home the property described in the petition; that in August, 1940, Mr. McGill talked to the plaintiff about purchasing a heating unit; that plaintiff advised Mr. McGill that it could only sell at wholesale; that in October, 1940, Mr. McGill contracted with H. E. Taggert & Sons to install a heating unit in his home at a total cost of $335; that defendants paid $35 cash and executed their note for $300 payable to H. E. Taggert & Sons, which note was sold to First Bank Credit Corporation on October 25, 1940; that H. E. Taggert & Sons purchased the heating unit from plaintiff at a cost of $217.93, and installed the same in the home of defendants, McGills; that H. E. Taggert & Sons had purchased several heating units from plaintiff and owed plaintiff for the same; that on October 28, 1940, H. E. Taggert & Sons paid plaintiff $750 on their account, and on November 25, 1940, paid $260 more on said account; that none of the payments was applied on the purchase price of the heating unit sold by plaintiff to H. E. Taggert & Sons for the McGills; that the plaintiff filed a lien against the property of defendants on the 20th day of December, 1940; that notice of the filing of said lien was served upon the McGills; that neither plaintiff nor defendants knew where the partners of H. E. Taggert & Sons were, and no answer was filed by them.

The defendants first contend that the court erred in denying them a jury trial, stating that under the issues raised by the proceedings there was an issue of fact created by defendants' plea of payment in full and that the claim is for the payment of money, and to determine the amount due thereon. The plaintiff is not seeking a personal judgment against the defendants, McGills, but only a foreclosure of its lien against the property. The rule is well settled that suits to foreclose liens may be maintained without seeking personal judgments for the indebtedness. Hooks v. Berry-Hart Co., 135 Okla. 161, 274 P. 657, and other cases therein cited. The foreclosure of a lien is a cause of equitable cognizance. Raymer v. Comley Lbr. Co., 169 Okla. 576, 38 P. 2d 8. A question of equitable cognizance is not triable by jury, and an answer of defendant presenting issues at law otherwise triable by jury does not change the nature of the action, nor entitle defendant, as a matter of right, to a jury trial on the issues arising therein. Newbern v. Farris, 149 Okla. 74, 299 P. 192. The court did not err in denying the defendants a jury trial.

The defendants next contend that the defendant H. E. Taggert & Sons, a copartnership, was not properly made a party defendant, and that therefore the court had no jurisdiction to determine this lien as between the subcontractor and the property owner. 12 O. S. 1941 § 182, insofar as pertinent, reads as follows:

"When any two or more persons associate themselves together and transact business for gain or speculation under a particular appellation, not being incorporated, they may be sued by such

appellation without naming the individuals composing such association and service of process may be had upon such association by personal service as provided by law for service of summons in civil actions, upon any member of such unincorporated association . . ."

H. E. Taggert & Sons were made parties defendants as the statute requires, and service of summons could not be had because, as shown· by the sheriff's return, they could not be found in the county. 42 O. S. 1941 § 173 provides that if the sheriff of the county in which such action is pending shall make return that he is unable to find such original contractor, the court may proceed to adjudicate the lien upon the land and render judgment to enforce the same. We therefore hold that the court committed no error in overruling the objection to the introduction of any testimony.

The plaintiff obtained leave of the court to amend the statement of the lien filed and sued on by making a formal verification to conform to the proof after all the evidence was in and argument had. The defendants objected to such amendment and contend that the court erred in overruling the objection. The court did not err. Under 42 O.S. 1941 § 172, it is provided that "any lien statement may be amended by leave of court in furtherance of justice as pleadings may be in any matter, except as to amount claimed." See Barnes v. Aggas, 115 Okla. 115, 242 P. 1046.

Defendants next contend that the trial court was without jurisdiction to render a judgment for plaintiff in this case for the reason that plaintiff failed to prove that the account was listed and taxes paid thereon under the Intangible Tax Law. While the plaintiff pleaded in its petition the payment of such tax, the record reveals that no proof in support of that allegation was offered. 68 O. S. 1941 § 1515, requires that the payment of said tax be both pleaded and proved, and then provides:

". . . If the petition or complaint of the plaintiff fails to make the allegations herein prescribed, or if he fails to prove facts supporting such allegations when made, the action must be dismissed upon demurrer or motion of the defendant, or by the court on its own motion."

This statute is mandatory, and by reason thereof the trial court was without power to render judgment for the plaintiff in the instant case in the absence of such evidence. The statute is similar in this respect to 68 O. S. 1941 § 1178, providing for the payment of taxes on real estate mortgages, and that no judgment foreclosing such mortgage shall be rendered unless the tax on the mortgage is shown to have been paid. In Parks v. Butler, 191 Okla. 329, 129 P. 2d 836, and in Greenwood v. Price, 166 Okla. 292, 27 P. 2d 822, we held that it was beyond the power of the court to render a judgment foreclosing the mortgage unless the evidence established the payment of such tax.

The defendants demurred to the evidence of plaintiff on certain specific grounds which did not include the failure of the proof to show payment of the intangible tax, and apparently the matter was not called to the attention of the trial court in any way. Such demurrer did not properly present the question, as, under the statute, it should have been raised by motion to dismiss. Whether the tax had been paid or the facts pleaded and proved to show that the property was not subject to such tax was a question of law for the court. Day & Whitt Furniture Co. v. Welbilt Appliance Corp., 193 Okla. 69, 141 P. 2d 267. But it is jurisdictional and therefore may be raised in this court for the first time. State National Bank v. Wood & Co., 88 Okla. 292, 212 P. 1002; Boarman v. Home State Bank, 111 Okla. 285, 239 P. 579. It follows that the rendition of the judgment in the instant case by the trial court was error.

Since the only issue remaining in the case relates to the jurisdiction of the court to render the judgment, the judgment is vacated and the cause remanded,

with directions to the trial court to determine such jurisdictional matter and render judgment in conformity with such determination.

GIBSON, C.J., and RILEY, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur.