PANHANDLE CO-OPERATIVE
ROYALTY CO. et al. v.
FERGUSON et al.

No. 34022.   March 27, 1951.

*229 P. 2d 594.*

V. E. Stinchcomb, Oklahoma City, for plaintiff in error Panhandle Co-Operative Royalty Company.

Howell & Smith, Oklahoma City, for plaintiff in error Flag Oil Company.

Charles Miles and Keith Drum, Beaver, for defendant in error Doreen Mae Ferguson.

JOHNSON, J. The parties herein will be referred to as they appeared in the trial court, and for convenience, the Panhandle Co-Operative Royalty Company will be referred to as "Panhandle" and the Flag Oil Company will be referred to as "Flag."

This action was commenced by Doreen Mae Ferguson on June 2, 1947, in the district court of Beaver county, Oklahoma, against Elmer L. Fickel, Fay Fickel, his wife, the Panhandle, the Flag and the Farmers Union Co-Operative Royalty Company et al. She alleged that on August 17, 1923, Fletcher McAdams and Della D. McAdams, husband and wife, executed their note and mortgage to the Commissioners of the Land Office of the State of Oklahoma for $4,000; that said mortgage covered the E.½ of the N.W.¼ and the S.W.¼ and the W.½ of the S.E.¼ of section 1 and the E.½ of the S.E.¼ of sec. 2, all in township 3 north, range 24 east of the Cimarron Meridian in Beaver county, Oklahoma, containing 400 acres, more or less; that thereafter Elmer L. Fickel purchased the real estate in question and assumed and agreed to pay the note in question; that on February 15, 1929, Elmer Fickel and Jessie Mae Fickel, for the purpose of extending the school land loan, executed a new note to the Commissioners of the Land Office for $4,000, and thereafter, on August 15, 1943, Elmer L. Fickel and Fay Fickel, his wife, for the purpose of further extending the time of payment of the loan executed their amortization note in the sum of $4,000.

It was further alleged that on March 26, 1945, the Commissioners of the Land Office executed and delivered its assignment of the mortgage and note and extension notes to Doreen Mae Ferguson, and that she was the owner of the same; that a breach of the conditions of the note and mortgage occurred by failure of Elmer Fickel to pay the installment due August 15, 1945, or any other payment since that date, and praying for judgment against Elmer Fickel and Fay Fickel, his wife, for $3,834.70, interest and attorneys fees, and for foreclosure of mortgage.

Thereafter Flag filed its answer denying the allegations of the petition and claimed an interest in part of the real estate, and by way of cross-petition alleged that by mineral deed dated November 17, 1930, signed by Elmer Fickel and Jessie Mae Fickel, a one-half interest in all of the oil and gas and other minerals was conveyed to the Panhandle under a part of the property described as the E.½ of the N.W.¼ of sec. 1, township 3 north, range 24 east of the Cimarron Meridian, and that thereafter, on March 3, 1935, Panhandle conveyed one-eighth of all the oil and gas and other minerals under the last described land to Flag, and that it now owns one-eighth of all the oil, gas and other minerals under the land last described.

It further alleged that on November 17, 1930, Elmer Fickel and Jessie Mae Fickel conveyed to the Farmers Union Co-Operative Royalty Company and Flag an undivided one-half interest in the proportions of three-fourths and one-fourth, respectively, in and to all the oil, gas and other minerals under the E.½ of the S.E.¼ of sec. 2, township 3 north, range 24 east of the Cimarron Meridian, and that by reason thereof Flag now owns one-fourth of one-half of the oil, gas and other minerals under the land last described;

that Elmer Fickel and Jessie Mae Fickel, his wife, and Fay Fickel, his wife, and their grantors, received the sole benefit of the mortgage loans, and that Flag had received no benefit therefrom, and Flag prayed for a marshaling of assets in the event their mineral interests were subordinate to the mortgage and for equitable relief.

Panhandle filed its answer and cross-petition wherein it denied all allegations of plaintiff's petition except such as were admitted. Panhandle admitted its corporate existence under the laws of Oklahoma and requested strict proof as to the execution of the notes and mortgages.

Panhandle further alleged that on November 17, 1930, Elmer Fickel and Jessie Mae Fickel were the owners in fee simple of the E.½ of the N.W.¼ of section 1, township 3 north, range 24 east of the Cimarron Meridian, Beaver county, Oklahoma; that on that date Elmer Fickel and Jessie Mae Fickel executed and delivered their mineral deed to a one-half undivided interest under said land to Panhandle. That thereafter Panhandle conveyed to Flag an undivided one-eighth interest in said property, and that Panhandle now owns three-eighths of all the oil, gas and other minerals under the property above described and that its title is superior to all other defendants; that the mortgage referred to in plaintiff's petition covered other properties to the extent of some 400 acres; that on the 26th day of March, 1945, said note and mortgage were paid in full to the Commissioners of the Land Office by Elmer Fickel, and that the official receipt of the Commissioners of the Land Office showing payment in full was in the name of Elmer Fickel, and that at said time and place Elmer Fickel, acting for himself alone, requested the Commissioners to assign the mortgage to his daughter, Doreen Mae Ferguson, in order that he might keep the mortgage lien alive on the premises.

Panhandle further alleged that it became cotenant with Elmer Fickel and Jessie Mae Fickel on November 17, 1930, and alleged that the assignment of the mortgage was made to Doreen Mae Ferguson at the request of Elmer Fickel for his own use and benefit for the purpose of securing control of the mortgage lien and thereafter foreclose same against Panhandle and deprive it of its royalty interest; that the actions of Fickel were oppressive and designed to deprive his cotenant of his interest in the property.

Panhandle prayed that the mortgage be canceled and expunged from the record, or that if said morgtage be held valid, the assets be marshaled.

Doreen Mae Ferguson replied to the answer of Flag denying that she held the notes and mortgage as agent or trustee and alleged that she acquired title to said notes through certain settlements made in connection with the estate of her mother, Jessie Mae Fickel. She further alleged that Flag had acquired its interest through chicanery and deceit in that it was represented that certain shares of stock in the company would be issued which would pay annual dividends and make a profitable investment; that said stock was worthless and never paid any dividend.

Plaintiff filed the same reply to answer of Panhandle.

The mineral deeds alleged to have been given by the Fickels to the Farmers Union Co-Operative Royalty Company and the Flag and Panhandle companies were attached to and made a part of their pleadings and contained the following provision:

"It is hereby further expressly agreed between the parties hereto that the grantee accepts this conveyance with the understanding that this deed to the above described premises shall be subject to any loan now existing, against said described land, or any renewal thereof, or any new loan which may

be made on said land by grantor, said new loan not to exceed $10.00 per acre."

Elmer Fickel and Fay Fickel, his wife, on the 6th day of June, 1947, waived the issuance and service of summons, entered their general appearance, and consented that said cause could be tried at any time without further notice to them.

Upon trial the evidence in substance was as follows:

The plaintiff, Doreen Mae Ferguson, offered in evidence the note, mortgage, renewal and assignment in question. Thereupon defendants, Panhandle and Flag, offered in evidence the respective deeds as alleged in their pleadings and the deposition of Ross Moreland, auditor for the State School Land Department, who identified the Elmer Fickel loan and renewal account. He testified that the loan was first made on the property in question on August 17, 1923, for $4,000; that it was renewed on February 15, 1929, in the name of Elmer Fickel and Jessie Mae Fickel. In the application for renewal of the loan which was signed and sworn to by Elmer Fickel, it was stated that the 400 acres in question was black loam land, improved and worth $11,-000; that he acquired the land by an exchange of property in 1928 and that it was ten miles from Beaver, and that he owned 1,080 acres of adjoining land.

Moreland testified further that the loan was again renewed on August 15, 1943, and the sworn application of Elmer Fickel stated that the application covered a 25-year amortized loan of $4,000 on the 400 acres in question; that in this application Fickel stated that he acquired the title by purchase; that he paid $7,000 for it, and that his deed for the land was filed for record in 1923; that the land had a fair value of $8,000, exclusive of improvements. Fickel showed in this affidavit that he owns 4,600 acres of other land adjacent and that he had total resources of $136,500, or a net worth of $101,000.

Moreland testified further that the loan renewed in 1943 was paid off by assignment to Doreen Mae Ferguson on March 16, 1945, by check of E. L. Fickel in the amount of $33,960, receipt number 9787, remittor, Elmer L. Fickel.

Moreland also testified that on February 10, 1945, Elmer L. Fickel wrote a letter to the Commissioners of the Land Office in which he inquired if his daughter, Doreen Mae Ferguson, could buy the loan and get an assignment of it, if it was his desire and the Commissioners had his written request. That on March 3, 1945, Everett Welborn, executive counsel for the School Land Commission, wrote to Elmer Fickel in response to his letter of February 10, 1945, advising Fickel the amount necessary to satisfy the loan and that upon receipt of a check for the full amount of the loan, together with a request from his daughter, that the note and mortgage be assigned to her and a statement from Fickel that he consented to the assignment and joined in the request, that it would be recommended to the Commissioners of the Land Office that the note and mortgage be assigned to his daughter.

On March 13, 1945, Fickel answered the above letter wherein he stated that he was mailing a request or wish of Doreen Mae Ferguson that the mortgage be assigned to her and that it was his desire that the mortgage be assigned to her. He further advised that he was enclosing remittance in the amount of $3,960 in accordance with statement which he was returning. The School Land Commission received a letter dated March 7, 1945, on the letterhead of Elmer Fickel signed by Doreen Mae Ferguson in which she requested that the loan be assigned to her when the Commissioners of the Land Office had received the full amount owing on the loan.

It was further shown by this deposition that the amount due, figured to March 19, 1945, was $3,834.70 principal

and $10.86 interest; that the loan was delinquent on February 15, 1945; that the loan carried a semi-annual payment of $114.28 payable February 15 and August 15 of each year; that the loan was assigned to Doreen Mae Ferguson at her request and that of Elmer Fickel and on payment of $3,960 by Elmer Fickel.

Elmer Fickel testified, in substance, that the plaintiff was his daughter and ony child and direct heir; that he had lived in Beaver county since 1905 and owned 3,500 acres of land in Beaver county; that the land in question was worth about $4,000; that he placed a valuation of $11,000 on the land at the time the last loan was made; that he was worth approximately $75,000; that he and his daughter owned jointly an abstract company and building valued at $8,000.

He testified on cross-examination that during the hard years he borrowed money from his daughter from time to time; that he owed her money and gave her the assignment of note and mortgage in question on what he owed her and that he put up the money for the mortgage assignment and sent it to the Land Commissioners. He further testified that after the date of the execution of the mortgage and mineral deed in evidence, part of the land was sold for taxes, and the tax proceedings were offered in evidence which showed that the property was sold to Beaver county at the 1939 resale and bought back by Elmer Fickel by county deed the same year.

On re-direct examination Elmer Fickel testified that he owed his daughter in the neighborhood of $2,500; that it began to pile up from the year 1935 to 1943; that he gave her notes on some of it and she turned them back; that they kept no book records.

Upon this fact situation the court found that the E.½ of the N.W.¼ of section 1-3-24 was sold to the county by tax deed, and that the mineral interests of the Flag and Panhandle companies were extinguished thereby; that the royalty or mineral interest of the E.½ of the S.E.¼ of section 2-3-24, not being in the tax sale, was not extinguished. The court further found Doreen Mae Ferguson to be the owner and holder of the note and mortgages and that the same was in default; that the balance due thereon was $3,834.70, with interest at 3% from February 15, 1945, and attorney fees of $383.47, and that foreclosure should be had.

The court rendered judgment against Elmer L. Fickel and Fay Fickel for the above amounts and ordered foreclosure of the mortgage.

The court further ordered the assets to be marshaled; that is, that all the property be offered for sale subject to the mineral interest of Flag under the E.½ of the S.E.¼ of section 2, township 3 north, range 24 east of the Cimarron Meridian, and that if the property did not bring sufficient bid, then it should be offered clear of the Flag mineral interest.

After unsuccessful motions for new trial by Flag and Panhandle they appeal.

It is contended by defendants (Flag and Panhandle) that Elmer Fickel did not re-acquire the title to their mineral interests by the tax deed from the county and cite Curry v. Frerichs, 194 Okla. 230, 149 P. 2d 95, and other cases to sustain their contention.

Plaintiff concedes that the decisions of this court sustain this contention, and admit that it was error for the court to so hold, it being undisputed that Fickel, who purchased at the tax sale, was the owner of the land, except the mineral interests of Flag and Panhandle. Therefore, we deem it unnecessary to further discuss this question.

It is next contended by defendants, Flag and Panhandle, that Elmer Fickel, under his obligations as cotenant, could not pay off the mortgage indebtedness and substitute their property

rights acquired under their mineral deeds as security for an indebtedness to some other person without their consent. In support of this contention they cite and rely upon the following authorities: Heighe v. Evans, 164 Md. 259, 164 Atl. 671, 93 A. L. R. 81; Porter v. Title Guaranty & S. Co. (Porter v. Monarch), 17 Idaho 364, 106 P. 299, 27 L. R. A. (N.S.) 111; Wallace v. Brooks, 194 Okla. 137, 147 P. 2d 784; 37 Am. Jur., Mortgages, §1282; 37 Am. Jur., Mortgages, §1321.

In the case at bar there was an agreement in the mineral deed from Fickel to Flag and Panhandle that the lands conveyed were subject to any loan then existing, or any renewal thereof, or any new loan which may be made on the land by grantor, if such new loan did not exceed $10 per acre. This agreement constituted consent.

Obviously, this transaction is not violative of 24 O.S.A. §10. In this connection it is noted that the trial court said:

" . . . the evidence shows that Mrs. Ferguson is the owner of this note and mortgage for valuable consideration. The evidence shows, which is uncontradicted, that Mr. Fickel owed a debt to his daughter which with principal and interest amounted to approximately what was paid for the mortgage, and I know of no rule but what a daughter even though she is related could become a purchaser."

In 37 Am. Jur., Mortgages, §1321, supra, it is said that "the general rule is that a mortgagor, in the absence of special circumstances, has no right upon tender of the amount due to demand an assignment of the mortgage instead of a satisfaction thereof." But here there are special circumstances, to wit: The agreement above referred to and the undisputed fact of the debt due Mrs. Ferguson, the assignee, who unquestionably by the assignment was entitled to all the rights of the mortgagee, which voluntarily assigned its rights at the request of the assignee and mortgagor; the absence of any attempt by the mortgagor to defraud his creditors; and the solvency of the mortgagor, under these circumstances, the Flag and Panhandle companies were entitled only to their mineral rights subject to any indebtedness as per their agreement with their grantor-mortgagor. Thus the assignee was entitled to have the mortgage foreclosed as against all the property covered by the mortgage; that on mortgage foreclosure sale that portion of the land other than the mineral interests of Flag and Panhandle, according to their mineral deeds, should be first offered for sale, and in the event, when so offered, the land fails to bring an amount sufficient to satisfy the mortgage indebtedness, the lands be then offered for sale free and clear of the Flag and Panhandle interests.

This being a cause of equitable cognizance, this court on appeal will review and weigh the evidence, and if the judgment is clearly against the weight thereof will reverse and remand, with directions to render such judgment as the trial court should have rendered.

The cause is reversed, with directions to proceed in accordance with the views expressed herein.