**Fred A. SCHAEFER, Plaintiff in Error,**

**v.**

**J. G. STOBAUGH SUPPLY COMPANY, a partnership composed of J. G. Stobaugh, G. B. Stobaugh, and Jack T. Hutson, d/b/a Hutson Well Service, Defendants in Error.**

No. 36636.

Supreme Court of Oklahoma.

June 21, 1955.

Johnson, Gordon, Cook & Cotter, and Ted D. Foster, Jr., Oklahoma City, for plaintiff in error.

Roff & Roberts, Wewoka, for J. C. Stobaugh Supply Co.

Carver & Cook, Wewoka, for Jack T. Hutson.

HALLEY, Justice.

The parties will be referred to by name or as they appeared in the lower court.

From the evidence it appears that Fred A. Schaefer was the principal owner and operator of an oil and gas lease on a certain tract of land described as SE¼ of the SW¼ and Lot 4, 31–7–6, Seminole County, Oklahoma. Either on June 10th or 12th, 1953, Fred A. Schaefer entered into an oral contract with Jack T. Hutson, doing business as Hutson Well Service, wherein Hutson agreed to clean out an oil well on the above premises for $500. Hutson ran into difficulty in the cleaning out process and determined that he could not perform the contract with the equipment that he had. He called Schaefer's office in Chicago and talked to Mr. Saas who was an employee of Mr. Schaefer's company, the Refiners Petroleum Company. Mr. Saas owned something less than a quarter interest in the well. According to Mr. Hutson's testimony, Mr. Saas authorized him to rent the necessary equipment and to continue with the job. This was denied by Mr. Saas who testified that he had no right to give such authority to Mr. Hutson and that he did not do it. Mr. Hutson rented the necessary equipment and continued the work. Some of the rented tools were lost in the hole. Hutson attempted to recover the tools and complete cleaning the well out but the well never produced after the cleaning job. Plaintiff seeks to recover the value of the tools lost and the rental on tools returned. Hutson sued for $500 under his contract for cleaning the well. The defendant, Schaefer, contends that first the plaintiff is not entitled to recover for the reason that this partnership was a subcontractor and as such is not entitled to recover a judgment for a greater or to a greater extent than the original contractor, Hutson, and second, that the trial court erred in overruling defendant's demurrer to plaintiff's and cross-petitioner's evidence in three particulars. These are:

(a) The cross-petitioner not having completed his contract is not entitled to recover judgment.

(b) That the evidence of agency of Carl Saas, as the agent of defendant, is not sufficient to submit the question to the court.

(c) That the plaintiff and Hutson did not prove compliance with the intangible tax law of this State.

■ If the defendant authorized the rental of these tools from the plaintiff by Hutson through Saas then he would be liable regardless of whether Hutson is entitled to recover. After an analysis of the testimony of the defendants, Hutson and Saas, we are of the opinion that Saas had sufficient authority to tell Hutson to rent the tools and did so tell Hutson and for that reason the judgment in favor of the plaintiff is affirmed.

Now as to the cross-petitioner, Hutson's claim there is a different situation. Hutson undertook to clean this well for $500. Soon after starting this cleaning job, he discovered he could not do the job with his equipment so he obtained from the plaintiff the equipment with which he thought he could do the work, but through lack of experience or ability, he lost the tools in the well and was never able to put the well in production. Hutson claimed that he cleaned the well out but the fact remains that the well has not produced since he attempted the cleaning out job and the lost tools are still in the hole.

■■ This is a case of equitable cognizance. McGill v. Cooper Supply Co., 196 Okl. 362, 165 P.2d 829. On appeal in a case of that nature it is our duty to weigh the evidence and enter the judgment that should have been entered in the case. After a thorough study of the record and weighing the evidence in all its particulars, we are of the opinion that the judgment in favor of the cross-petitioner, Hutson, is clearly against the weight of the evidence because Hutson never completed the task he contracted to. Panhandle Co-Operative Royalty Co. v. Ferguson, 204 Okl. 303, 229 P.2d 594; Thompson v. Teel, 204 Okl. 105, 227 P.2d 395; Tate v. Murphy, 202 Okl. 671, 217 P.2d 177, 18 A.L.R.2d 892.

382

We do not think that the plaintiff's contention that the case should be reversed on the ground of nonpayment of intangible tax is well taken because the evidence shows that the date the material was last furnished was June 19, 1953, and this action was filed on January 16, 1954. The plaintiff had until the 15th of March to list this claim with the County Assessor. The tax would not be due until the fall of 1954. It was unnecessary for the plaintiff to show the payment of the intangible tax under these facts. Rutter v. Heatly, 198 Okl. 591, 180 P.2d 822; Lewis v. Boice, 205 Okl. 189, 236 P.2d 258.

The judgment in this case is affirmed as to the plaintiff and reversed as to the defendant and cross-petitioner, Jack T. Hutson.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN and JACKSON, JJ., concur.

WELCH and BLACKBIRD, JJ., dissent on intangible tax point, concur on other points.