Irene ABBOTT, a widow, L. B. Abbott, Daisy Abbott, his wife, Will Abbott, Allye Abbott, his wife, and Ruth O'Dea, a single person, Plaintiffs in Error,

v.

William WOODS, Jr., and Catherine Woods, his wife, Defendants In Error.

No. 36921.

Supreme Court of Oklahoma.

April 3, 1956.

Paul & Montgomery, Durant, for plaintiffs in error.

Gomer Smith and Associates, Charles R. Nesbitt, Oklahoma City, for defendants in error.

PER CURIAM.

The parties to this appeal occupy the same relative position here as in the trial court and will be referred to herein by their trial court designation. The plaintiffs brought

the action to cancel a quitclaim deed executed by them wherein the defendants were the grantees. The plaintiffs are the heirs of one J. D. Abbott who had at one time owned the land in question. It was alleged that the deed was fraudulently obtained from the plaintiffs by the false and fraudulent representation of Mrs. Woods, one of the defendants, to Mr. L. B. Abbott, one of the plaintiffs. That Mrs. Woods represented that J. D. Abbott had neglected to release a mortgage from Miller, the person to whom he sold the land in 1916, when in truth the plaintiffs owned an undivided one-half of the oil and gas under the described property by reason of a reservation in the deed from J. D. Abbott to the grantee in that transfer. It was also alleged that the defendants had actual knowledge of the plaintiffs' real interest in the land. In their appeal from the judgment, the plaintiffs insist that the judgment is against the clear weight of the evidence. As a counter proposition, the defendants urge that the plaintiffs owned no mineral interest in the 160 acres; i. e., that the attempted reservation in the deed from J. D. Abbott in 1916 was ineffectual as a reservation.

■ The reservation in the deed from Abbott to Miller was in the habendum clause and was as follows:

"Except as described above, and a one-half undivided interest in all oil and gas contained in the above described land is hereby retained by grantors."

This exception was sufficient to reserve in the grantor an undivided one-half interest in the oil and gas under the described premises applying the rule discussed in Westcott v. Bozarth, 202 Okl. 149, 211 P.2d 258. The counter proposition urged by the defendants is without merit.

The testimony on behalf of the parties was conflicting. For the plaintiffs, Mr. L. B. Abbott testified that Mrs. Woods came to his office in Durant on November 20th or 21st, 1952, and told him that his father, J. D. Abbott, had held a mortgage on the land in Coal County upon which the defendants were living; that they had an oppor-

tunity to sell the land and needed a quitclaim deed from the Abbott heirs to clear the title; that he then suggested a quiet title suit and told her that the Abbotts would not give them any trouble; that Mrs. Woods thereupon appeared to become distraught and commenced to cry, whereupon he reassured her and after further conversation agreed to secure the Abbotts' signatures to the prepared deed given him by Mrs. Woods as soon as his brother and sister returned to town; that at that time he did not know that his father had retained an interest in the minerals under this property and that they would not have executed the deed had he known they owned part of the oil and gas. This conversation was corroborated in many respects by a former employee of the plaintiff, who was present in the office at the time it occurred. The plaintiffs did not have access to an abstract or to the recorded title documents which were at Coalgate. The abstract of title in evidence shows that J. D. Abbott never held a mortgage on this property.

A person interested in leasing this property testified that for some two weeks prior to November 25, 1952, he attempted to secure an oil and gas lease on the property from the defendants. They first refused, but then afterwards asked him to wait until they could secure all the mineral interest. On November 24, he told the defendant, Mrs. Woods, that he would have to go to Durant to see the Abbotts and secure a lease on their interest for his employers were in a hurry. The defendant then requested him to wait a short while longer, since she was sure that they had acquired the interest owned by the Abbotts and would be able to lease the entire interest to him. The next day, November 25, 1952, the defendants produced a deed dated the previous day from Abbotts to them and thereupon executed his lease on the same terms that he had originally offered them; i. e., $10 per acre.

For the defendants, only Mrs. Woods testified. She denied the testimony of Mr. Abbott, saying she only stated that there was a mortgage outstanding but not that the Abbotts were heirs of the mortgagee or

had any interest in the mortgage. She likewise denied knowing that the Abbotts were owners of any interest in the oil and gas. However, she was never able satisfactorily to explain why she thought she needed a deed from Abbotts except that her attorney told her it would help. The deed to the defendants recited a consideration of ten dollars, but Mr. Abbott denied that there was any consideration.

 To be brief, we are of the opinion that the defendants' testimony was confused, contradictory and unconvincing. On the other hand, a careful examination of the record leaves us convinced that the plaintiffs' evidence was clear, cogent, positive, satisfactory and sufficient. Here, the plaintiffs proved that the defendants made a material representation of fact to L. B. Abbott concerning the plaintiffs' interest in the property; this representation was false and was made by Mrs. Woods with knowledge of its falsity, or recklessly; it was made with the intention that it be acted upon by the plaintiffs, and it was acted upon by them, and they have thereby suffered injury.

In a matter of equitable cognizance, this court will examine the record and weigh the evidence, and if the judgment is clearly against the weight of the evidence, the judgment will be reversed with directions to render such judgment as the evidence dictates. Harjo v. Johnston, 187 Okl. 561, 104 P.2d 985; In re Ho-Tah-Moie's Estate, 200 Okl. 532, 198 P.2d 638; Schaefer v. J. G. Stobaugh Supply Co., Okl., 285 P.2d 380.

The judgment is reversed and judgment rendered for the plaintiffs cancelling the deed.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, HALLEY, BLACKBIRD, JACKSON and HUNT, JJ., concur.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner NEASE and approved by Commissioners REED and CRAWFORD, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.