## RIDER v. MORGAN.

No. 341.   Opinion Filed November 16, 1910.

Rehearing Denied December 19, 1911.

(119 Pac. 958.)

1.   CONTRACTS — Construction — Practical Construction by Parties.
Where the meaning of the terms used in a written contract is
not clear, the subsequent acts of the parties showing the con-
struction they have put upon the agreement themselves are to
be looked to by the court.

2.   SAME—Construction—Question of Law or Fact.  The determina-
tion of the meaning of a written contract is ordinarily a question
of law for the court, and not one of fact for a jury, but, where
the construction depends upon extrinsic facts as to which there is a
dispute, its construction is a mixed question of law and fact, and is
for the jury under proper instructions from the court.

3.   EVIDENCE—Parol Evidence Affecting Writings—Admissibility.
A written agreement reciting that plaintiff pays the defendant

Opinion of the Court.

a certain sum and agrees to pay a further sum when S. and L., by his guardian or otherwise, are placed in possession of their allotments of land in Chickasaw Nation, Ind. T., and that the defendant agrees to represent S. and L., or the guardian of L., in the matter of placing them in possession of their allotments, and in securing lawful leases from the guardian and having them approved by the United States court, is so ambiguous as to authorize the admission of evidence that plaintiff insisted that by the terms of the contract defendant was to secure him a lease on the allotment of S. as well as on the allotment of L., and that defendant so understood the contract and took some steps toward carrying his understanding into effect by entering into a compromise with a certain party with a view to procuring a lease on the allotments for the plaintiff.

(Syllabus by the Court.)

Turner, J., dissenting.

*Error from District Court, Marshall County;*
*D. A. Richardson, Judge.*

Action by E. A. Morgan against G. E. Rider. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. O. Minter* and *Isaac O. Lewis,* for plaintiff in error.

*J. W. Harreld* and *Chas. A. Coakley,* for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, to recover from the plaintiff in error, defendant below, the sum of $250. The petition alleged, in substance, that said plaintiff and defendant entered into a certain written contract whereby the defendant undertook and agreed to secure to the plaintiff a valid lease contract for five years on the allotments of land belonging to or owned by Sallie Sealy and Josiah Lewis, for which undertaking by said defendant said plaintiff agreed to pay said defendant the sum of $500. Said defendant did obtain a lease contract on the allotment of Josiah Lewis' land, and plaintiff paid said defendant $250, and also executed to said defendant his promissory note for the sum of $250, payable on the 8th day of October, 1905, upon the condition that said defendant was to proceed to secure to said plaintiff a valid lease on the allotment owned by Sallie Sealy; that said defendant wholly failed and refused to secure for said plaintiff

a valid lease on said allotment of Sallie Sealy; that said defendant, before maturity, for a valuable consideration, sold said note for $250 to the First National Bank of Madill, Ind. T., and said bank being an innocent purchaser said plaintiff was required to pay said note, which he did. That by reason of said defendant failing to procure the said lease of said land owned by said Sallie Sealy, the consideration of said note wholly failed, wherefore said plaintiff prayed judgment for $250 and interest. The answer admitted the execution of said note and a written instrument, and alleged that by the terms of said written instrument said defendant undertook and agreed to secure to the plaintiff a valid lease contract for five years on the allotment of Josiah Lewis, but that he did not agree to secure a lease on the allotment of Sallie Sealy. Upon the issues thus joined the cause was tried to a jury, which returned a verdict in favor of the plaintiff, upon which judgment was duly entered. To reverse this judgment, this proceeding in error was commenced.

The contract over which the controversy arose reads as follows:

"Madill, I. T., December 19, 1904. This memorandum of agreement entered into by and between E. A. Morgan and G. E. Rider, witnesseth: That said Morgan pays the said Rider on this date, December 19, 1904, one hundred dollars, and agrees to pay him $150.00 more when Sallie Sealy and Josiah Lewis, by his guardian or otherwise, is placed in possession of their allotments of land in the Chickasaw Nation, I. T., and to give the said Rider a note at said time said $150 is paid for $250 more, due November 1, 1905; and that said Rider in consideration of said sums of money agrees to represent Sallie Sealy and Josiah Lewis, or the guardian of said Josiah, in the matter of placing them in possession of their allotments, and in securing lawful leases from said guardian and having same approved by the United States court for the Southern District of Indian Territory. Witness our hands this December 19, 1904. [Signed] Geo. E. Rider, E. A. Morgan."

The plaintiff introduced this contract in evidence and further testified that he was put in possession of the allotment of Josiah Lewis, mentioned therein, but that he had never had executed to him a lease of the Sallie Sealy land. The plaintiff then testi-

fied, over the objection and exceptions of the defendant, that subsequent to the execution of said contract, to wit, at the time of the execution of the promissory note for $250 herein involved, he insisted that by the terms of said contract the defendant was to secure him a lease on the allotment of Sallie Sealy, as well as on the allotment of Josiah Lewis, and that said defendant so understood said contract and took some steps toward carrying this understanding into effect by entering into a compromise with one Holmes Willis who previously had lease contracts on both allotments, with a view to procuring leases thereon for the plaintiff. It was upon the introduction of this evidence that the main question argued by counsel in their briefs arose. To the introduction of this evidence the defendant objected, for the reason, "that the basis of this action is a written contract, as evidenced by the plaintiff's complaint herein; that the cause of action alleged by plaintiff in said complaint is one growing out of the breach, by defendant, of the terms of said alleged written contract; that the plaintiff has introduced in evidence a written contract covering the same subject-matter as the purported oral contract which he now seeks to establish; and that because the contract sued upon in this action is alleged by plaintiff to have been a written contract that the defendant is taken by surprise by the offering of evidence to prove an oral contract."

We do not believe it was error to let this evidence go to the jury. Section 1109, Comp. Laws 1909, provides that:

"If the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it."

It cannot be said that the contract introduced in evidence is entirely free from ambiguity. The name of Sallie Sealy figures in it as conspicuously as that of Josiah Lewis and practically in the same sense. We know of no valid reason why the appearance of her name and the reference to her allotment in the contract may not be explained by oral evidence, the language of the contract leaving this matter uncertain. To our mind the whole contract is so vague and uncertain that it would require some oral

Rider v. Morgan.

evidence to make entirely clear that by its terms defendant agreed to perform for the plaintiff the services he understands constitute complete performance.

It is a well-settled rule that where the meaning of the terms used in a written contract are not clear, the subsequent acts of the parties, showing the construction they have put upon the agreement themselves, are to be looked to by the court. 9 Cyc. 588, and cases cited. We think the evidence objected to was competent for the purpose of showing the construction the parties themselves put upon their agreement.

It is true that the determination of the meaning of a written contract is ordinarily a question of law for the court and not one of fact for a jury, but where the construction depends upon extrinsic facts as to which there is a dispute, its construction is a mixed question of law and fact, and is for the jury under proper instructions from the court. 9 Cyc. 591.

As the contract was ambiguous, and the evidence as to whether the defendant was to procure a lease to the Sallie Sealy allotment conflicting, the question was properly submitted to the jury, and, as there was evidence reasonably tending to support their verdict, it will not be disturbed. The judgment of the court below is affirmed.

DUNN, C. J., and HAYES and WILLIAMS, JJ., concur; TURNER, J., dissents.