**KERSHAW, Rec., v. REYNOLDS et al.**

No. 17422—Opinion Filed Nov. 23, 1926.

Rehearing Denied April 5. 1927.

**1. Appeal and Error—Discretion of Court— Trial Amendments.**

An amendment to an answer at the commencement of the trial is discretionary with the trial court, and unless the same is an abuse of discretion it will not be disturbed here.

**2. Contracts—Construction—When Question for Court and When for Jury.**

The determination of the meaning of a memorandum of agreement is ordinarily a question of law for the court. and not one of fact for a jury, but where the construction depends upon extrinsic facts as to which there is a dispute, its construction is a mixed question of law and fact, and is for the jury under proper instructions from the court.

**3. Appeal and Error—Review—Questions of Fact—Conflicting Evidence.**

Where the case is tried by a court, without the intervention of a jury, upon controverted questions of fact, and there is evidence reasonably tending to support the judgment, the same will not be disturbed in this court.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Muskogee County; O. H. Searcy, Judge.

Action by L. R. Kershaw, receiver for the Muskogee-Security National Bank, against John Reynolds and W. R. Joyce. Judgment for John Reynolds, and plaintiff brings error. Affirmed.

Leahy & Brewster, for plaintiff in error.

Joseph C. Stone, Charles A. Moon. and Francis Stewart, for defendant in error John Reynolds.

Opinion by PINKHAM, C. The parties will be referred to as they appeared in the trial court: the plaintiff in error as plaintiff, and the defendants in error as defendants.

The plaintiff sued the defendants, W. R. Joyce and John Reynolds, to recover on a certain promissory note executed by the defendant Joyce and indorsed by the defendant Reynolds for the principal sum of $500. The defendants filed a joint answer admitting the execution of the note, and alleging that the same was executed without consideration and had been fully paid. The plaintiff replied to said answer denying all of the allegations of new matter therein set forth. An amendment to the joint answer was filed by the defendant Joyce, but since no errors are presented as to him in this appeal, no further reference to said amendment is required.

The record shows that at the commencement of the trial on March 24, 1926, the defendant Reynolds was granted leave to file and did file an amended answer. This answer in substance alleged that at the time of the execution of the note sued on, the defendant Joyce was indebted to the plaintiff on account of a prior note executed by the said Joyce alone. in the same sum of $500, which note was held by the plaintiff bank without security and without the indorsement of the defendant. Reynolds, and that at that time the said Joyce was also indebted to numerous parties for merchandise purchased by said Joyce: that at that time Williams & Reynolds, attorneys at law (the attorney Reynolds being a different person

from the defendant Reynolds), had in their possession for collection the said $500 note, which was unsecured, and numerous accounts of wholesale houses to whom the said Joyce was also indebted; that the defendant Reynolds was in no way financially interested in the business of the said Joyce and in no way liable for his indebtedness, but that solely on account of his friendship for the said Joyce, and in order to assist him in his financial difficulties, the defendant Reynolds agreed with Williams, one of the members of the law partnership of Williams & Reynolds representing the plaintiff bank and other creditors of Joyce, that he, the defendant Reynolds, would indorse a renewal note for the said Joyce to the said bank and would make certain payments, to wit, approximately $400, provided said plaintiff bank and said creditors, represented by said attorneys, would agree and consent that the said Joyce should then be unmolested by the said attorneys and their clients for a period of 60 days in order that the said Joyce might have an opportunity to improve his financial affairs; that said offer was by said attorneys and their clients, including the plaintiff bank, accepted, conditioned that the said Joyce should pay to said attorneys, to be applied upon such indebtedness and prorated among said clients as they should see fit, in the sum of $75 per week; that pursuant thereto the defendant Reynolds indorsed the note of the said Joyce sued on in this action, and paid said cash, which was by the said Williams & Reynolds distributed to said creditors; that thereafter said Joyce made the payments of $75 per week as agreed upon, but the said attorneys and their clients violated the terms and conditions of said agreement and the consideration for the indorsement of said note by the defendant Reynolds, and almost immediately and long before the expiration of said 60 days demanded additional and further payments for the clients of said attorneys, and instituted proceedings in the city court of Muskogee, and caused executions to be issued on judgments obtained in said court, and demanded that the said Joyce sign a voluntary petition in bankruptcy, which he refused to do, and threatened him with involuntary bankruptcy proceedings or to sell his store to one Claude Willford, all of which actions were on behalf of the clients of said Williams & Reynolds and within the 60-day period, and by such actions forced and compelled the said Joyce to sell said store to the said Willford for the sum of $6,000, and to prorate the same with his creditors; that the sum realized paid about 20 per cent. for the creditors and by

reason of said acts the consideration for the indorsement of the note sued on failed.

To this answer no motion, demurrer, nor reply was filed. The parties, waiving a jury, submitted the case to the court. The cause proceeded to trial without objection, and at the conclusion of all the testimony the court found the issues in favor of the plaintiff as against the defendant Joyce, and against the plaintiff and in favor of the defendant Reynolds. The plaintiff filed motion for a new trial as to the judgment in favor of the defendant Reynolds, which motion was by the court overruled, exception reserved, and thereupon this proceeding in error has been filed to review the judgment rendered in favor of the defendant John Reynolds discharging him from the payment of the note sued on by the plaintiff.

For reversal of the judgment the first assignment of error is:

"The court erred in permitting the introduction of testimony outside the issues joined, and in allowing the defendant to amend his answer after the introduction of such testimony."

The argument is that no pleadings were on file authorizing the introduction of proof by the defendant Reynolds with reference to the facts surrounding the indorsement of the note sued on.

The record discloses that the amended answer, which alleged the agreement under which the indorsement on the note was obtained, was filed on the 24th day of March, 1926. The evidence in the case appears to have been taken on the same day. The judgment of the trial court recites, after showing the appearance of the parties, as follows:

"Whereupon all parties announce ready for trial and the defendant Dr. John Reynolds requested leave to file an amendment to his answer, which request was by the court granted.

"And the court after hearing the evidence and argument of counsel, and being fully advised in the premises, finds the issues in favor of the defendant, Dr. John Reynolds, and finds that he should be discharged and released and no judgment entered against him."

The record shows that when the defendant Reynolds offered the testimony concerning an agreement made at the time of the indorsement of the note sued on by him, the plaintiff objected for the reason that the offered testimony was not within the issues joined, and was not supported by any pleadings.

It is true the court, in overruling the objections of the plaintiff, stated "that the pleadings may be amended to conform to the proof, whatever may be the case." A careful examination of the record before us, however, fails to show that any further pleadings were filed after the trial of the case. This statement of the court is, as we understand the argument, relied upon to show that at the time of the objection to the defendant Reynold's testimony, the only pleading of the defendant Reynolds on file was his original answer. His amended answer, however, setting up the defense of no consideration for his indorsement, having been filed at the commencement of the trial and the plaintiff announcing ready for trial without interposing any objection thereto, the court did not err in overruling said objection. Section 318, C. S. 1921, provides ample authority to sustain the action of the trial court in permitting the defendant to file his amended answer. Amazon Fire Ins. Co. v. Bond, 65 Okla. 224, 165 Pac. 414.

The remaining specifications of error are to the effect: First, that the court erred in overruling the demurrer of the plaintiff to the testimony of the defendant Reynolds, and in refusing to sustain the motion of plaintiff for judgment against Reynolds; and second, that the testimony of the defendant Reynolds was insufficient to constitute a defense.

These specifications of error involve a consideration of the evidence adduced on the trial of the cause in order to determine whether the judgment of the court in favor of the defendant Reynolds is correct.

The defendant Reynolds for his defense introduced in evidence a memorandum of agreement executed about the time the note sued on was indorsed by him. This memorandum was signed by Williams & Reynolds, the plaintiff's attorneys, who had for collection a note signed only by W. R. Joyce, which note was then due and upon which the bank's attorneys had instructions to bring suit unless the same was settled.

The defendant Reynolds testified in substance that he signed the note in question within two or three days after the date of the note; that prior to signing it he had a conversation with the plaintiff's attorney Williams in Mr. Williams' office; that at that time Mr. Williams was representing a number of creditors of Joyce and made a list of them; that Mr. Williams also represented the plaintiff bank which held the original note for which the note in question

was executed as a renewal; that he also talked to Mr. Young, who was an officer of the bank which held the note in question; that in his conversation with Mr. Williams and Mr. Young he agreed to pay $400 to be distributed among the creditors of Joyce represented by Mr. Williams, and agreed to indorse the note in question. In consideration of this $400 payment by Reynolds and the indorsement of the bank's note, it was agreed that Williams & Reynolds, attorneys, and their clients, including the bank, would not molest Joyce for a period of 60 days, in order that he might improve his financial condition, and that by that time Joyce could repay Reynolds the $400 and protect him on the note.

The defendant Reynolds paid the $400 cash and indorsed the note, and it is the contention of the defendant Reynolds that the bank and its attorneys failed to keep their part of the agreement.

The record discloses that at the time of the payment of this $400 by Reynolds, the bank's attorney delivered to him the memorandum of agreement referred to, which is as follows:

"Received of Dr. John Reynolds the sum of $289 to be applied upon accounts held by the undersigned at this time for collection and as shown by the letter heretofore written to Roy M. Johnson, a copy of which is held by Dr. John Reynolds.

"It is understood and agreed that if the same is approved by such persons, firms and corporations in said letter and the payment thereby made accepted, same shall be a consideration for the withholding of any action upon such accounts for a period of 60 days from and after the 4th of August, 1924, at which time the said Ralph Joyce, trading as Joyce Drug Company, shall make weekly payment to the satisfaction of the undersigned on said accounts not in excess of $75 per week until all are paid.

"It is understood and agreed that the account of the Muskogee-Security National Bank mentioned in said letter has been arranged to the satisfaction of said bank."

It is contended by the plaintiff that the memorandum of agreement, whereby it is stipulated in consideration of the payment of $289 by Reynolds, action should be withheld for a period of 60 days from the 4th of August, 1924, applied only to the accounts held by the bank's attorneys and had no reference to the note executed to and sued on by the plaintiff herein, and that the last paragraph of the memorandum, which provides that the account of the plaintiff bank "has been arranged to the satisfaction of

said bank" reads out of the stipulation the note sued on. In other words, that this memorandum meant that the bank's agreement was not embodied in the written contract.

The important question upon this branch of the case is to determine the intention of the parties as expressed in the memorandum of agreement under which the defendant Reynolds indorsed the note.

"The determination of the meaning of a written contract is ordinarily a question of law for the court, and not one of fact for a jury, but, where the construction depends upon extrinsic facts as to which there is a dispute, its construction is a mixed question of law and fact, and is for the jury under proper instructions from the court." Rider v. Morgan, 31 Okla. 98, 119 Pac. 958; 9 Cyc. 591; 13 C. J. 792.

That the memorandum of agreement, particularly the last paragraph thereof, is ambiguous, we think admits of no doubt, in which case parol testimony was admissible to ascertain the mutual intention and understanding of the parties.

"A contract may be explained by reference to the circumstances under which it was made and the matter to which it relates." Section 5050, C. S. 1921.

"If the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it." Section 5052, C. S. 1921.

The record shows a canceled check of the defendant Reynolds in the sum of $400 payable to Mr. Williams, the bank's attorney, and that this payment by Reynolds of $400 on behalf of Joyce was made at the time of entering into the agreement with reference to the indorsement of the note. The defendant Joyce testified that within the 60 days mentioned in the agreement, the plaintiff's attorneys made repeated demands upon him for payment of claims which they had agreed to hold up for 60 days; that suits were filed against him, executions on judgments which the bank attorneys held against him were issued; that they attempted to persuade him to file voluntary bankruptcy proceedings, and when he refused to do so threatened to file involuntary bankruptcy proceedings against him and finally within the 60 days compelled him to sell his entire stock to one Willford for the sum of $6,000, and turned the money over to the creditors pro rata.

It is true there is a conflict in the testimony, but the trial court who heard the same believed the testimony of the defendant, and found that there was a failure of consideration for the indorsement of the note by the defendant Reynolds.

The promise to the defendant Reynolds to forbear the forcing of payments from Joyce for 60 days, in order that he could have an opportunity to improve his financial situation, was a valid agreement and consideration for the indorsement of the note by Reynolds.

We conclude that there was ample evidence of a breach of that agreement, which constituted a failure of consideration in so far as the defendant Reynolds was concerned.

The evidence in this case was within the issues of the pleadings as shown by the record, and the testimony, we think, was sufficient to show a failure of consideration for the indorsement of the defendant Reynolds on the note in question.

The finding of the trial court on this issue is equivalent to the verdict of a jury, and the evidence being sufficient to support the findings of the court in a law case, the same is binding upon this court.

We think the judgment of the trial court should be affirmed.

By the Court: It is so ordered.