## BROGDEN v. PERRYMAN.

No. 24631. April 7, 1936.

Woodward & Westhafer, for plaintiff in error.

Harry C. Fair, for defendant in error.

PHELPS, J. H. M. Hoffman and J. J. O'Connell were partners engaged in the general insurance agency business in the city of Tulsa. Arthur Perryman, plaintiff in the trial court, and Dr. J. C. Brogden, one of the defendants in the trial court, signed, as sureties, several agency bonds for Hoffman and O'Connell. They defaulted in remittances to one of their companies and, Perryman being away from the city at the time, Dr. Brogden advanced the total sum of $3,880 to make good this default, for which sum Hoffman and O'Connell executed to Brogden their promissory notes. Default to another company having occurred, the four of them executed their promissory note for $6,764.70 payable to the insurance company. When this note fell due, and the company was demanding settlement, Perryman effected a compromise with the insurance company by the terms of which they agreed to accept $3,088 in full settlement of the note. This sum was advanced by Perryman.

Prior to this, however, it appears that Brogden had insisted that Perryman reimburse him for half the amount Brogden had paid out, but that Perryman had failed to do so. When Perryman advanced this $3,088, a contract was entered into by Brogden, as party of the first part; Hoffman & O'Connell, as parties of the second part; and Perryman was party of the third part. By the terms of this contract it was agreed that Hoffman & O'Connell should reimburse Brogden and Perryman for the amount of money they had paid out for them, the same to be paid in installments of $100 per month. The contract further provided that Hoffman O'Connell, and Brogden should execute their promissory note in the sum of $1 144 payable to Perryman, the same to be due within two years, and the $100 instalment payments to begin not later than three months after the date of the contract; that the installment payments should be made to Brogden, who should turn the same over to Perryman until the note of $1,144 was paid in full, and then the payments should be applied equally on the $1,944 balance to Perryman and the $3,700 balance due Brogden. In obedience to this agreement, the $1,144 note payable to Perryman was signed by the other three parties.

Only one $50 payment was made and, after a lapse of about three years Perryman brought suit against the three makers of the note, praying judgment against them for the amount due thereon. In his petition no mention was made of the contract signed by the parties at the time the note was executed. Hoffman and O'Connell defaulted. Brogden filed his separate answer, admitting the execution of the note, but alleged there was no consideration for the execution of the note, and that the note was executed by him at the request of Perryman, not as principal maker or surety but for the purpose of constituting him as agent for the purpose of collecting the amount due thereon from Hoffman and O'Connell. Further pleading, he filed his cross-petition in which he asked contribution from Perryman in a sum equal to one-half the amount he had paid out for the partnership. He further pleaded a set-off in which he prayed for an accounting of the amounts he and Perryman had paid out for the partnership; and further prayed that, if the court should find that he was liable on the note, it be set off against the amount found to be due him from Perryman for advancements made to take care of their joint obligations as sureties for Hoffman and O'Connell. Perryman filed verified reply denying the allegations of the answer.

The cause was tried to a jury, and the plaintiff introduced his evidence upon the note and rested. Defendant Brogden then introduced evidence tending to show the facts and circumstances surrounding the execution of the contract and note. When he rested his case the trial court sustained plaintiff's motion and directed the jury to return a verdict for plaintiff, and the sole question presented by this appeal is whether the court committed error in so directing this verdict. It is here the contention of plaintiff in error that, this contract and note having been executed contemporaneously, the same should be construed together as a single contract, and that under the pleadings the intention of the parties when the same were executed was susceptible of explanation, and that the interpretation to be placed upon the contract became a question of fact for the jury and the court erred in treating it as a question of law and directing the jury's verdict. In support of this contention plaintiff in error cites Swift v. McMurray, 133 Okla. 104, 271 P. 635, in the fifth paragraph of the syllabus of which this court said:

"It is reversible error for the court, in its instructions, to invade the province of a jury, assume a controverted fact as proved or treat it as a question of law, and withhold the same from the determination of the jury."

Kershaw v. Reynolds, 124 Okla. 174, 254 P. 713, is a case where the facts are quite similar to the facts in the instant case, and in the second paragraph of the syllabus we used the following language:

"The determination of the meaning of a memorandum of agreement is ordinarily a question of law for the court, and not one of fact for a jury; but where the construction depends upon extrinsic facts as to which there is a dispute, its construction is a mixed question of law and fact, and is for the jury under proper instructions from the court."

To the same effect was the holding in Rider v. Morgan 31 Okla. 98, 119 P. 958; Kingfisher Mill & Elevator Co. v. Westbrook, 79 Okla. 188, 192 P. 209; and Brooks v. Watkins Medical Co., 81 Okla. 82, 196 P. 956.

In the light of these authorities, we hold that the trial court erred in directing the jury to return a verdict for the plaintiff. The judgment is therefore reversed and the cause remanded with directions to the trial court to grant a new trial.

McNEILL, C. J., OSBORN, V. C. J., and RILEY and BUSBY, JJ., concur.