JONES et al. v. LIVINGSTON.

No. 34678. Nov. 20, 1951.

*237 P. 2d 867.*

Homer H. Bishop, Seminole, and Hicks Epton, Wewoka, for plaintiffs in error.

Hugh M. Sandlin, and James B. Sandlin, Holdenville, and Walter Billingsley and Allen G. Nichols, Wewoka, for defendant in error.

HALLEY, V. C. J. This action is brought by W. S. Livingston against Fannie Vaughn, now Rutherford, and Dr. W. E. Jones to recover the sum of $1,850 alleged to be due under a written rental contract entered into between the parties. Thereafter, and on motion of defendants, Mrs. Eugenia Taylor was made a party defendant.

Plaintiff in his petition alleges, in substance, that on the 28th day of November, 1941, he was the owner of lots 1, 2, 3 and 4 in block 22 of the town of Seminole, Oklahoma, and that on that day he entered into a written contract with the defendants whereby he rented to them the above described premises for a term of four years for the sum of $7,775; that defendants have failed to pay rental in accordance with the terms of the contract and there is now due and remaining unpaid the sum of $1,850, for which amount he prays judgment.

The contract is attached to the petition and made a part thereof.

Under the contract plaintiff leased to defendants the second floor of a building on the property above described for the time and consideration as pleaded by plaintiff in his petition. The building was leased for use as a hospital and clinic. The rental mentioned in plaintiff's petition was to be paid in monthly installments as follows: $150 cash as rental for the last month of the contract, $125 per month for the first 19 months of the contract, and $150 per month for the remaining 36 months.

Plaintiff in his petition did not plead that the rental account sued on has been assessed for taxation and the taxes thereon paid as provided by the intangible tax statute, 68 O.S. 1941 § 1515,

and defendants moved to dismiss the case for that reason. Plaintiff thereupon amended his petition so as to supply such allegation, and the court did not rule on the motion to dismiss.

Defendants in their answer admitted the execution of the rental contract sued on by plaintiff and alleged that they had fully paid the rent up to and including the month of February, 1943, and further pleaded that on February 22, 1943, it was orally agreed by and between the parties that plaintiff would accept Mrs. Eugenia Taylor as his tenant and reduce the rent to $100 per month, and that plaintiff thereupon discharged and released defendants from their obligation under the rental contract.

Plaintiff in his reply specifically denied that such an agreement was ever entered into or that he ever discharged and released defendants from their obligation under the contract.

A jury was waived by the parties and the case was tried to the court. Both parties offered evidence to support their theories and contentions as set out in the pleadings. Plaintiff, however, failed to introduce evidence tending to establish that he had paid the intangible tax on the rental account as provided by statute, supra.

At the conclusion of the evidence defendants demurred thereto on the ground that the evidence offered by plaintiff was insufficient to support a judgment in his favor. The demurrer was overruled and judgment was entered in favor of plaintiff for the full amount claimed.

Defendants appeal and assign this ruling as error. They do not contend, however, that the evidence is insufficient to sustain the judgment in favor of plaintiff on the merits. They rely solely for reversal on the ground that the court was without jurisdiction to enter judgment in favor of plaintiff because he had failed to prove that he had complied with the Intangible Tax Law by paying the taxes assessed against the rental account, as pleaded by him in his amended petition.

The contract sued upon is definite and certain. It requires payment of a definite sum and falls within the class of intangible personal property made taxable by statute. 68 O.S. 1941 §1501.

In Edmonds v. White, 203 Okla. 231, 219 P. 2d 1007, we held:

"In an action to recover upon a bill receivable or other credit subject to taxation under the Intangible Tax Law, plaintiff must allege and prove that such obligation has been listed and assessed for taxation and all taxes, interest and penalties paid. Failure to so allege and prove leaves the trial court without jurisdiction to render judgment thereon, and the action should be dismissed."

The same conclusion has been reached in Mayor v. Bennett, 199 Okla. 579, 189 P. 2d 186, and Mead v. Hellams, 200 Okla. 381, 194 P. 2d 603.

Reversed and remanded, with directions to the trial court to hear and determine whether or not there has been a compliance with the Intangible Tax Law; if plaintiff establishes compliance, then judgment should be rendered in his favor, and if he fails to do so the action should be dismissed.