CITIES SERVICE OIL COMPANY, a corporation; and Earl E. Ives, Plaintiffs in Error,

v.

Leonard B. BILLEN and Pearl May Billen, husband and wife, Defendants in Error.

No. 37122.

Supreme Court of Oklahoma.

Sept. 29, 1959.

Rehearing Denied Dec. 22, 1959.

Russell V. Johnson, Johnson, Gordon, Cook & Cotter, Oklahoma City, for plaintiffs in error.

John G. Hervey, Ralph J. May, Oklahoma City, for defendants in error.

JOHNSON, Justice.

Action in the District Court of Oklahoma County by landowners, Leonard B. Billen and Pearl May Billen, husband and wife, against certain oil companies, Cities Service Oil Company, a Corporation; Earl E. Ives; Phillips Petroleum Company, a Corporation, and Mercury Oil Refining Company, a Corporation, for the recovery of actual and punitive damages alleged to have been sustained by plaintiffs from the defendants' salt water pollution of the subterranean fresh water producing formations underlying the plaintiffs' lands. The trial court sustained a demurrer to the evidence as to the defendant, Mercury Oil Company. The jury returned a verdict in favor of the Phillips Petroleum Company on which the trial court entered judgment. The jury also rendered a verdict in favor of plaintiffs, upon which judgment was entered against the defendants, Cities Service Oil Company and Earl E. Ives, for actual damages of $4,500 together with costs and interest, from which they appeal.

The appellants for reversal interpose 64 separate specifications of error which they present and argue under four separate propositions with sub-divisions, to-wit:

"I. The court erred in submitting to the jury the claim of plaintiffs relating to the west branch of Crooked Oak Creek.

"II. Where land is subject to permissive pollution and the land owner seeks to recover damages from non-permissive pollution he will not be permitted to prevail unless he proves the quantum of damages resulting from the permissive pollution and separates the damages resulting from the permissive and non-permissive pollution.

"(A) The salt water easements in question are not void as contrary to public policy.

"(B) Plaintiffs are charged with the burden of separating the damage caused by permissive pollution from the damage caused by non-permissive pollution.

"(C) Failure of the court to instruct the jury on the law governing the decisive issue in this case is prejudicial error, notwithstanding the absence of a requested instruction.

"III. The general rule that no person is entitled to recover from another for damages which have been occasioned by his own acts or neglect prevails and continues to operate in cases involving the application of the doctrine of liability irrespective of negligence.

"(A) Where a nuisance has its origin in negligence as distinguished from an absolute nuisance, contributory negligence is a defense.

"(B) A nuisance, whether absolute or having its origin in negligence, will not preclude the defendants from preventing or reducing recovery by showing that the damages were due, in whole or in part, to the plaintiffs' own acts and conduct.

"IV. The court erred in failing to submit to the jury the issue as to the character of damages involved and failed to properly instruct the jury on the measure of damages."

This is a companion case to the case of Cities Service Oil Company v. Merritt, Okl., 332 P.2d 677, 681. Therein we said:

"We will review a verdict founded upon conflicting evidence only for the purpose of determining whether it is supported by competent evidence and whether it is contrary to law and not for the purpose of determining the weight of the evidence, and whether the evidence reasonably tending to prove the essential facts in a case, either directly or indirectly, or by permissible inferences, is sufficient to sustain a verdict and judgment based thereon. Cities Service Gas Co. v. Eggers, 1940, 186 Okl. 466, 98 P.2d 1114, 126 A.L.R. 1278 and cited cases."

The Eggers case, supra, was followed in the Merritt case, supra, and is determinative of many of the arguments advanced herein by the defendants.

Defendants first contend that the court erred in submitting to the jury the claims of plaintiffs relating to the west branch of Crooked Oak Creek, upon the grounds that defendants had been expressly released from all claims for damages caused by salt water released by them upon the drainage area of the west branch of Crooked Oak Creek in the operation of their oil producing properties. It is claimed that the release granted them the right and privilege to continue to use the drainage area for the purpose of running salt water, etc. from the oil leases, etc. of the defendants, until such time as they abandoned the leases in the drainage area; that by reason thereof the court erred in submitting the issue of damages caused by the pollution of plaintiffs' well water with salt water.

Plaintiffs alleged and the evidence showed that plaintiffs had owned the lands in question since 1942; that the lands lie between the east and west branches of Crooked Oak Creek; that the two branches unite a short distance north of the plaintiffs' lands; that defendant Cities Service and its superintendent, Earl E. Ives, permitted large quantities of salt water and oil field brine produced from the Cities Service's operations on lands lying to the east and to the west of plaintiffs' lands to flow for many years into the two branches of the creek; that defendant Cities Service also stored large quantities of salt water and brine in a pond on the Klausmier lease, commonly known as the Clauer Pond, owned by defendant, on lands to the east of plaintiffs' lands; that the subterranean fresh water producing formations underlying plaintiffs' lands underlie the site of the Clauer Pond and also crop out in the east branch of the Creek; that the salt water and brine stored in the Clauer Pond and emptied by the defendants into the two branches of the creek constitute nuisances which have polluted the underground fresh water sources of plaintiffs' land and thereby destroyed potability of the plaintiffs' fresh water wells; and the jury so found, notwithstanding the defendants' assertion that the pollution could not have been caused by the discharge of salt water into the west branch of the creek "because it is supported by an impervious substance," and that defendants were released from any liability for damages, if any, arising from such source under an alleged instrument of release which had been executed by plaintiffs' predecessors in title in 1939.

In this connection it was shown that both Phillips Petroleum Company and Cities Service Company emptied salt and oil field brine into the west branch of the creek, but Cities Service only emptied the pollutive substances into the east branch of the creek, and Cities Service only stored same in the Clauer Pond, sometimes referred to as Klausmier Lake or Pond. Both Phillips and Cities Service held alleged releases on easements covering pollution of the west branch. Both (Cities Service and Phillips Petroleum Company) defended as one. At no time did either defendant seek to separate its so-called permissive pollution in the west branch of the creek from the non-permissive pollution in the east branch or from the Clauer Pond. The jury by its verdict discharging Phillips from all liability necessarily found that the most probable sources of pollution and nuisances were from the Clauer Pond and the east branch of the Creek. When Phillips Petroleum Company went out of the case, likewise any pollution from the west branch went with it. This is supported by the evidence and inheres in the jury's verdict.

The court's instruction to the jury on this phase of the case and about which the defendant complains provides:

"5. As to the effect of the releases and easements that have been introduced in evidence, you are instructed as follows:

"(a) As a matter of law they cannot and do not in any wise constitute

a defense for any pollution originating in the Clauer Pond or the east branch of Crooked Oak Creek, if any, for the reason that this water shed does not traverse plaintiffs' land and is not covered in any way by said instruments.

"(b) In regards to plaintiffs' claim of damage and injury to their water sands and water by reason of pollution caused by defendants' permitting oil, gas, salt water and basic sediments and other deleterious substances to escape from their said oil and gas leases and flow through, over and across plaintiffs' land, you are instructed that evidence has been offered going to the question of the intent of the contracting parties, in regard to the west branch of Crooked Oak Creek, by said instruments, as to the extent and area of said salt water and deleterious substances that was agreed upon to be permitted by defendants to flow through, over and across plaintiffs' said land. You are the sole judges as to the weight and effect of said evidence, and as to the intent of the parties in regard thereto, and you are instructed that any of such salt water and deleterious substances that you find was permitted by said instruments to so flow, if any, plaintiffs, could not base a recovery upon, but as to that which was not so permitted, if any, you may consider as to the damage to plaintiffs, if any, under the general instructions herein.

"In this connection, you are further instructed that under the law each defendant has the burden of separating, by a fair preponderance of the evidence, that part of the damage attributable to its permissive pollution, if any, from that portion, if any, flowing from its unauthorized pollution of said streams."

■■ This instruction fairly submitted the issue of permissive pollution. There .was no error under the evidence in the submission of said instruction to the jury.

■ The factual situation and legal questions herein are substantially the same as in the recent companion case of Cities Service Oil Company v. Merritt, Okl., 332 P.2d 677, wherein we affirmed the jury's verdict and the court's judgment based thereon as to the actual damages; therefore, we deem it unnecessary to further discuss the facts or the applicable law other than to say that the rules announced and approved therein (Cities Service Oil Co. v. Merritt) are applicable herein, and finding no substantial errors of law or improper instructions substantially affecting the legal rights of appellants, we hold that the evidence reasonably tended to prove the essential facts of the case and was sufficient to sustain the verdict and judgment based thereon.

Judgment affirmed.

DAVISON, C. J., WILLIAMS, V. C. J., and WELCH and IRWIN, JJ., concur.

HALLEY, BLACKBIRD and JACKSON, JJ., dissent.