W. E. POLK, d/b/a Polk Construction Co., and Fidelity and Deposit Co., of Maryland, a corporation, Plaintiffs in error,

v.

L. A. BARTLETT, d/b/a Bartlett Electric Company, Defendant in error.

No. 39007.

Supreme Court of Oklahoma.

Oct. 3, 1961.

Rehearing Denied Nov. 7, 1961.

James G. Davidson, Tulsa, for plaintiffs in error.

E. Paul Thieman, Jr., Tulsa, for defendant in error.

WELCH, Justice.

Plaintiff, L. A. Bartlett, d/b/a Bartlett Electric Company, submitted a bid to W. E. Polk, d/b/a Polk Construction Company, defendant, which was accepted. The material portions of said bid reads as follows:

"We wish to submit our figure for the elementary school building, Shidler-Webb City School District, in accordance with the plans and specifications as drawn by W. H. Elliott, Jr. Architect.

"We propose to install the electrical equipment as specified, on a time and material basis not to exceed $8,000.00. All invoices submitted by our office on time and material will be figured as follows: the cost of material plus 10% overhead and 10% profit, the cost of labor on the same basis.

"The above price of $8,000.00 does not include any intercommunication, public address, or clock system, as the specifications do not cover this phase of the installation. However, on receipt of the information needed to complete the installation of the above mentioned items, we propose to install this equipment on the same basis as mentioned in the above paragraph.

"We hope that this proposal will meet with your approval, and if awarded

the contract we shall commence work within a weeks time.

"Respectfully submitted,

Bartlett Electric Company, Inc.

/s/ B. J. Lokey

For L. A. Bartlett."

Within a few days thereafter plaintiff commenced his work under the terms of sub-contract based on said bid, and in due time the work was completed. The final estimate was paid by defendant's check, which with three previous payments, totaled exactly $8,000. At about the time of this final estimate, or shortly thereafter, plaintiff submitted to defendant a statement for extras in the amount of $1,032.13 for installation of intercommunication system, P. A. System, or clock system, and the sum of $86.52 for two unit heaters. Defendant refused to pay these sums and as a result this action was filed in the Court of Common Pleas of Tulsa County. It is the contention of the defendant that these installations were included in the contract, and therefore payment for installation was included in the $8,000 payment. Plaintiff contends they were not included in or under the terms of the contract, since they were not included in his bid. Upon examination of the bid, which was the basis of the contract, it was concluded by the trial court that the same was ambiguous and the true intent of the parties could not be determined from the written instrument. As a result thereof extrinsic evidence on behalf of both parties was admitted, and the case was submitted to a jury on its merits. A verdict was returned by the jury for plaintiff against defendant in the sum of $1,032.13, and judgment rendered accordingly. It is from said adverse judgment that defendant prosecutes this appeal.

Defendant's argument for reversal is presented in his brief under three separate propositions:

First, that the trial court did not have jurisdiction to render a judgment for the reason that plaintiff did not prove or offer any evidence of compliance with the intangible tax laws of the State of Oklahoma.

Second, that the trial court should have construed and interpreted the contract between the parties, and such a construction would have necessarily resulted in the dismissal of plaintiff's petition. Therefore defendants were entitled to have their demurrer to the evidence sustained, and a directed verdict sustained, or their motion, notwithstanding the verdict, sustained after the verdict.

Third, that the judgment should be reversed for the reason that there is no reasonable evidence tending to support the verdict.

We cannot agree with the argument presented under the second proposition. The first and second paragraphs of the written bid submitted provides that the figure submitted is for installation of electrical equipment in accordance with the plans and specifications as drawn by the architect. Should one ignore the third paragraph it would have been a simple matter of examining the plans and specifications to determine whether the extras were included. However, the third paragraph of said written bid provides that the price of $8,000 quoted did not include any inter-communication, public address or clock system, as the specifications did not cover that phase of the installation. It further provided for installation on basis mentioned in above paragraph. We should construe that to mean on a time and material basis which was a cost plus 10% or 20% basis.

It is apparent to us from the contention of the defendant that he apparently construed the plans and specifications to include the extras referred to, but the plaintiff did not so construe them at the time the bid was made and accepted. Each party offered evidence to support his contention.

Therefore, we are of the opinion the trial court was justified in admitting extrinsic evidence and submitting the case to a jury.

We have consistently held that where the meaning of an ambiguous written contract is in dispute, evidence of extrinsic facts are admissible, and construction of contract then becomes a mixed ques-

tion of law and fact and should be submitted to a jury under proper instructions. Brogden v. Perryman, 176 Okl. 505, 56 P.2d 398; Swift v. McMurray, 133 Okl. 104, 271 P. 635, and Kershaw v. Reynolds, 124 Okl. 174, 254 P. 713.

Herein plaintiff testified that defendant was orally advised at the time the latter accepted the bid that the bid did not include installation of the system, and defendant said "that is right, we will take that up later." This evidence, together with consideration of the third paragraph of the written bid, and the reasonable inferences that may be drawn therefrom, is sufficient evidence to justify submitting question to a jury. Allied Reserve Life Insurance Company v. Cunningham, Okl., 355 P.2d 564.

■ We will not weigh evidence on appeal and where same reasonably tends to prove essential facts the verdict and judgment based thereon will be sustained. Cities Service Oil Company v. Billen, Okl., 347 P. 2d 637.

■ Therefore, we find defendant's argument under his third proposition without merit.

We are of the opinion that the argument presented by defendant under his first proposition is meritorious. Plaintiffs in their argument supporting trial court's holding that proof of payment of intangible tax was unnecessary rely on our holding in the cases of Lumbermen's Supply Co. v. Neal, 189 Okl. 544, 119 P.2d 1017; Cole v. Harvey, 200 Okl. 564, 198 P.2d 199, and Gasper v. Mayer, 171 Okl. 457, 43 P.2d 467.

We find that these cases are clearly distinguishable from the case at bar. The Gasper case does not involve the intangible tax law, but turns on the question of accord and satisfaction.

In the Lumbermen's case the plaintiff Neal was employed as store manager of Lumbermen's at a stated monthly salary, plus 10% of the net earnings of the company to be computed after deducting costs of production, operating expenses, overall costs of doing business and all income tax-

es and other taxes, etc. He was paid the monthly salary for the three months period of his employment and brought this action for an accounting over the three months period to determine whether there was a net profit, and what the net earnings amounted to, if any.

In Cole v. Harvey plaintiff sued to foreclose an asserted mechanic's lien for work done to the amount of $91.35. The issue was whether defendant had agreed to pay for the work at 90¢ per hour as plaintiff contended, or whether defendant agreed to pay the total sum of $20.00 for the work as the defendant contended. The jury verdict and judgment was for plaintiff for $40. This statement points up the issues presented on that appeal.

In both Lumbermen's and Cole this court held the intangible tax law was not applicable, and as stated above, we think those cases are clearly distinguishable.

Other former decisions of this court to the opposite result are much more nearly in point with the present case on the facts.

In McGill v. Cooper Supply Company, 196 Okl. 362, 165 P.2d 829, 830, plaintiff Cooper sold a heating unit to Taggart & Sons, who installed same upon the premises owned by McGill. Defendants McGill denied the debt or account or that any adequate lien claim was filed or any notice given. Plaintiff alleged that "due and proper return of the account was made under the intangible tax law, and all taxes due thereon have been paid." The court said on page 832 of 165 P.2d:

"While the plaintiff pleaded in its petition the payment of such tax, the record reveals that no proof in support of that allegation was offered. * * * This statute is mandatory, and by reason thereof the trial court was without power to render judgment for the plaintiff in the instant case in the absence of such evidence. * * *"

The court vacated plaintiff's judgment and remanded for determination of intangible tax compliance, thus holding that plaintiff sued on an "account receivable."

Mayor v. Bennett, 199 Okl. 579, 189 P.2d 186. Plaintiff Bennett had an account charged to M. S. Contway for goods and transportation furnished to Contway upon advance agreement of defendant Mayor to pay such charges. Defendant denied making such contract, pleaded that any such contract would be void under the statute of frauds and thus fully denied both the existence and amount of plaintiff's claim. The plaintiff neither pleaded nor proved compliance with the intangible tax law. Pleading and proof disclosed that plaintiff's claim or account came into existence in October, 1941, and the action was commenced March 2, 1942. On Pacific Reporter page 187 it was said:

" * * * It was the duty of plaintiff under that law to list or assess this chose in action or account for taxation on and after January 1, 1942. * * * And before he was entitled to judgment he should have made proof of compliance with this law, in addition to proving his debt against the defendant."

The judgment for plaintiff was reversed or vacated and the cause remanded with directions to the trial court, after hearing upon proper notice, to determine the matter and to dismiss if plaintiff failed to establish compliance with this tax law, or to render judgment for plaintiff if he should establish such compliance. Thus following McGill, supra, and holding plaintiff sued on an "account receivable."

Mead v. Hellams, 200 Okl. 381, 194 P.2d 603, 607. Plaintiff sued to recover $475.00, the amount stated in an alleged contract for certain repair work on defendant's property. Plaintiff alleged proper repair work. Defendant denied execution of the written contract, and said that she employed plaintiff to repair the property, but plaintiff failed to complete and properly perform the work. Defendant further alleged that plaintiff failed to comply with regulations with the office of Price Administration, and therefore he had no enforceable claim against defendant. Thus defendant denied both the existence of the contract, and the

amount of the debt or that there was any enforceable debt or account. In the body of the opinion it was said:

"The pleadings and record of the testimony show no reference to the State Intangible Tax Law. The record does not reflect that the question of compliance with the Intangible Tax Law was called to the attention of the trial court, nevertheless the question may be raised in this court. State National Bank [of Shawnee] v. Wood & Co., 88 Okl. 292, 212 P. 1002; Boarman v. Home State Bank, 111 Okl. 285, 239 P. 579, and Mayor v. Bennett, [199] Okl. [579], 189 P.2d 186.

"The contract sued upon, as found by the court, was made September 25, 1945, and the agreed price became due and payable November 23, 1945. The suit was filed January 24, 1946. It was the duty of plaintiff, under the law, to list or assess his claim of indebtedness on and after January 1, 1946, 68 O.S. 1941, § 1507, and to pay the taxes thereon when due. Although plaintiff by competent evidence established his case on the merits and proved his debt against the defendant, plaintiff was not entitled to judgment without making proof of compliance with the Intangible Tax Law, 68 O.S.1941, § 1515, and the rendition of judgment by the trial court was erroneous. Mayor v. Bennett, supra.

"The judgment is vacated and the cause remanded with directions to the trial court to hear and determine the questions as to whether or not there has been compliance with the Intangible Tax Law, and if plaintiff establishes compliance, to render judgment for plaintiff, otherwise to dismiss plaintiff's action. See Mayor v. Bennett, supra, and the decisions therein cited."

Pfrimmer v. Tidwell, 205 Okl. 262, 236 P.2d 978, 980. Plaintiffs had judgment for broker's commission. It was said in opinion:

" 'The only question presented is: Did a sale of the property take place

within the meaning and intent of the verbal contract entered into by plaintiffs and defendant?'

"There is no question about the contract of employment or the terms thereof. The controversy is as to whether that contract was performed by plaintiffs, entitling them to compensation for their services. It is the defendant's contention that he and the purchasers were never bound by a valid contract of sale, but that the instrument styled 'Offer to Purchase Real Estate' is an option to purchase."

On this point it was said in the opinion:

"Plaintiffs did not in their pleadings allege compliance with the provisions of the Intangible Personal Property Tax Law, nor did they make any proof with reference thereto in the trial of the case. The defendant did not raise the question or call it to the trial court's attention. It was first raised in this court, but we have repeatedly held that such may be done. Mead v. Hellams, 200 Okla. 381, 194 P.2d 603; State National Bank [of Shawnee] v. Wood & Co., 88 Okla. 292, 212 P. 1002; Boarman v. Home State Bank, 111 Okla. 285, 239 P. 579, and Mayor v. Bennett, 199 Okla. 579, 189 P.2d 186.

"Plaintiffs had completed their service to the defendant when, in August, 1946, with full knowledge of the purchaser's willingness and ability to purchase, the defendant accepted him and entered into a binding contract of sale of the property. The sales commission of plaintiffs then became due and payable. This suit was filed May 29, 1947. It was the duty of plaintiffs under the law, to list or assess their claim of indebtedness on and after January 1, 1947, 68 O.S.1941 § 1507, and to pay the taxes thereon when due."

The judgment was vacated with directions to the trial court to hear and determine the tax question, and if plaintiff established compliance to render judgment for plaintiff, otherwise to dismiss plaintiff's action.

It was held in that case that plaintiff's suit was based upon an "account receivable" subject to this tax.

Jones v. Livingston, 205 Okl. 332, 237 P.2d 867. Plaintiff rented premises to defendant for four years at monthly rental. Defendant paid the rent for about fifteen months. Plaintiff sued to collect rent accruing thereafter. Defendants pleaded that after the first fifteen months by new agreement between plaintiff and defendants another person was substituted as tenant and was accepted by plaintiff, and defendants were released as to future monthly rentals. Thus defendants denied both the existence of the rental contract and that any amount was due. Judgment for plaintiff was reversed for failure to prove compliance with Intangible Tax Law. Opinion cites Edmonds v. White, 203 Okl. 231, 219 P.2d 1007; Mayor v. Bennett, 199 Okl. 579, 189 P.2d 186, and Mead v. Hellams, 200 Okl. 381, 194 P.2d 603. Opinion indicates, but does not definitely show, that petition made no allegation as to this tax.

Bock v. Sypert, 205 Okl. 504, 239 P.2d 398. Plaintiff sued to recover real estate commission. Defendant contended the listing had been withdrawn from plaintiff broker and sale later made by defendant, the owner, so that plaintiff could not have been the procuring cause. Thus defendant denied the existence of the contract, or that any amount was due. Plaintiff's cause of action accrued in September, 1943, and action was commenced in October, 1944. Judgment for plaintiff was reversed for failure to either allege or prove compliance with Intangible Tax Law. Citing Pfrimmer v. Tidwell, 205 Okl. 262, 236 P.2d 978.

Rogers v. Goodwin, 208 Okl. 110, 253 P.2d 844. Plaintiff made a trip to California to contact people and obtain document signatures for defendant. Plaintiff claimed an agreement to pay $3,500. Defendant agreed as to the terms of original employ-

ment, but claimed plaintiff only partially performed, and that he had made proper payment to plaintiff and had called off the deal. Thus defendant denied the continuation and performance of the contract, or that any sum was due. The payment by defendant of $380 was contended by plaintiff to be a part payment, but contended by defendant to be a loan of money. Plaintiff had judgment for $1,450 principal, and $500.25 interest. Judgment was vacated and the cause remanded to take care of compliance with this tax law.

Harris v. Conway, Okl., 343 P.2d 1069. The editorial headnote reads as follows:

"Action by real estate broker for commission on sale by owner of her home to her son during listing period. The Court of Common Pleas, Tulsa County, Leslie Lisle, J. rendered judgment for owner and broker appealed. The Supreme Court, Blackbird, J. held that where during listing period owner attempted to revoke agreement after she knew, or should have known that broker had a customer ready, willing and able to purchase property, broker was entitled to recover commission without proof of introduction or presentation of customer to owner or that enforceable written contract of sale was ever entered between them, but that judgment could not be rendered for broker in absence of proof of broker's compliance with intangible tax law.

"Case remanded with directions to vacate judgment, to determine whether or not broker had complied with intangible tax law, to enter judgment in her favor if she so complied and if not to dismiss action without prejudice."

In the case at bar the plaintiff Bartlett sued on an account receivable and under the rule of the eight cases cited above we hold that the intangible tax law applies to plaintiff's account receivable.

■ Under the statute it is mandatory that in every such action the plaintiff must establish compliance with the intangible tax act before the court is authorized to enter judgment thereon. 68 O.S.1951 §§ 1501–1515.

Therefore, upon the authority of the decisions last above cited the judgment appealed from is vacated and the cause remanded with directions to the trial court, upon proper notice, to conduct a hearing for the purpose of determining the question of compliance with the intangible tax law, and if plaintiff establish such compliance then to render judgment for plaintiff for the sum of $1032.13, otherwise dismiss plaintiff's action.

Because of the reasons compelling reversal the costs of this appeal must be taxed against the plaintiff.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and DAVISON, HALLEY, JACKSON and IRWIN, JJ., concur.