**W. J. MARTEN, alias Slim Marten, Plaintiff in Error,**

v.

**CREDIT ADJUSTMENT SERVICE, INC., Defendant in Error.**

No. 39127.

Supreme Court of Oklahoma.

Jan. 22, 1963.

Dickey & Richard, by H. G. Bill Dickey, Tulsa, for plaintiff in error.

W. Timothy Dowd, Tulsa, for defendant in error.

WELCH, Justice.

Plaintiff brought this action against the defendant seeking a judgment for $750.00 upon an open account assigned to it by Thomas M. Finney. The petition alleged that the claim sued upon was assigned to the plaintiff for a good and valuable consideration; that it was for services rendered to the defendant by Thomas M. Finney at their request and that demand for payment was made and refused. The assignment and itemized account were attached as exhibits to the petition.

The defendant in answer to the plaintiff's petition renewed his demurrer and his plea to the jurisdiction of the court and denied that the purported plaintiff in the action was an Oklahoma corporation capable of taking the purported assignment in this cause, and denied that the purported assignment was valid. The defendant alleged that there was a defect of parties plaintiff, in that Thomas M. Finney, the purported assignor, should be joined as party plaintiff. The defendant denied that he contracted for the alleged work to be done by said Thomas M. Finney, or that he agreed to pay for the same; that if said Thomas M. Finney did perform any work for said defendant, which defendant denies, that plaintiff's Exhibit B is not a true and correct copy thereof. Defendant further denied that any intangible personal property tax had been paid on the above account, and alleged that by reason thereof the court did not have jurisdiction over the parties.

Both parties presented their evidence to the jury, and it returned a verdict of $750.-00 for the plaintiff. From this verdict and judgment the defendant appeals.

The defendant contends that the trial court erred in overruling his motion to make more definite and certain and his demurrer to the petition of plaintiff. He then argues that the account sued upon had been assigned for collection only; that no consideration for the purported assignment had passed between the plaintiff and the purported assignor, Thomas M. Finney; that he would be entitled to share in the proceeds in case this action was successful; that therefore the said Thomas M. Finney was the real party in interest and should have been made party plaintiff to this action. He then cites as authority 12 O.S. 1951 § 221.

However, there was no evidence whatever on the point. The assignment of the account receivable was admitted in evidence and it was shown generally that plaintiff was the owner of it and had the right to maintain the action.

In the case of Helmerich & Payne, Inc., v. Kenney, 178 Okl. 32, 61 P.2d 709, this court held that the real party in interest is the party who will be entitled to benefit from the action if said action is successful.

In answer to the above contention of the defendant the plaintiff calls our attention to the petition of plaintiff which states:

"That the claim sued upon was assigned to the plaintiff, for a good and valuable consideration, which remains the owner and holder thereof, by Thomas M. Finney."

From an examination of the petition we hold the trial court properly overruled defendant's motion to make more definite and certain and also his demurrer. The question then becomes one of the sufficiency of the evidence, a matter which will be considered hereafter.

No motion to make additional parties plaintiff was ever filed or presented to the court.

See Marten v. Credit Adjustment Ser. Inc., Okl., 349 P.2d 742; Maxia v. Okla-

homa Portland Cement Co., 74 Okl. 31, 176 P. 907; and Okmulgee Producing & Refining Co. v. Brown, 109 Okl. 215, 235 P. 546.

■ Assuming, but not adjudging, that the above answer properly and sufficiently raised the defense of the plaintiff not being the real person in interest, the record wholly fails to show any evidence to sustain this affirmative defense. We find no error in the trial court's denial of this contention.

■ The next contention of plaintiff in error concerns the overruling of the demurrer to the evidence. The only complaint made in the brief concerns the failure of plaintiff to comply with the provisions of 68 O.S.1961 § 1501 et seq., relating to the pleading and proving of the payment of intangible taxes on the account. Plaintiff readily concedes that it presented no evidence relating to the payment of said taxes, but contends this action was on an unliquidated debt and therefore did not fall within the provisions of the intangible tax laws of the State of Oklahoma.

In Polk v. Bartlett, Okl., 365 P.2d 987, and in a number of cases cited therein we considered cases similar to this one and held that the intangible tax law applied to the claims or accounts sued on it each of said cases.

Upon authority of Polk v. Bartlett, supra, and cases therein cited, we find that the account receivable sued on herein was subject to the intangible tax law.

The defendant herein contends that the account sued on was an unliquidated account and that therefore it was not subject to the intangible tax law, but our holding in the Polk case, supra, and in the numerous cases therein cited, demonstrated that the decision whether an account receivable is liquidated or unliquidated, does not determine the account as being taxable or not taxable as an item of intangible personal property. Certainly liquidated accounts receivable and claims based on personal money judgment, being liquidated, are subject to the intangible tax, while many unliquidated accounts or claims are subject to the intangible tax as demonstrated in the above cited decisions.

Language to the contrary which gives special or controlling importance to the mere question whether accounts receivable are liquidated or unliquidated is specifically disapproved and/or overruled or withdrawn in these cited cases: Nelson v. Zahn Grain Co., 191 Okl. 181, 127 P.2d 803; Cravens v. Hughes, 207 Okl. 503, 250 P.2d 877; McCoy v. Burr, Okl., 265 P.2d 719; Marten v. Credit Adjustment Service, Inc., Okl., 349 P.2d 742.

In the case at bar the plaintiff Credit Adjustment Service, Inc. sued on an account receivable and under the rule of the eight cases cited in our opinion in Polk v. Bartlett, supra, we hold that the intangible tax law applies to plaintiff's account receivable.

Under the statute it is mandatory that in every such action the plaintiff must establish compliance with the intangible tax act before the court is authorized to enter judgment thereon. 68 O.S.1961 §§ 1501–1515.

The plaintiff in its petition alleged compliance with the intangible tax law. It was denied in defendant's answer. There was no proof at all on the point.

Therefore, upon the authority of Polk v. Bartlett, supra, and the decisions therein cited, the judgment appealed from is vacated and the cause remanded with directions to the trial court, upon proper notice, to conduct a hearing for the purpose of determining the question of compliance with the intangible tax law, and if plaintiff establish such compliance then to render judgment for plaintiff for the sum of $750.00, otherwise to dismiss plaintiff's action.

Because of the reasons compelling reversal the costs of this appeal must be taxed against the plaintiff.

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON, WILLIAMS, JACKSON and IRWIN, JJ., concur.